The State of Ohio, Appellant, v. Waller, Appellee.

(No. C-74666—Decided November 24, 1975.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Robert H. Johnstone, Jr.,* for appellant.
*Mr. Robert S. Wynn,* for appellee.

Shannon, P. J. This cause came on to be heard upon the record and the briefs as an appeal as of right filed by the state of Ohio pursuant to Criminal Rule 12(J).

However, prior to the argument upon the merits of the singular assignment of error, that the court below had erred in granting the defendant's motion to supress certain evidence, this court announced to counsel that it had considered, sua sponte, what it viewed as a jurisdictional issue posed by plaintiff's reliance on Criminal Rule 12(J) in filing an appeal without first seeking leave to appeal. After having heard, orally, from counsel and having considered further what we believe to be controlling authorities, we hold that this appeal must be dismissed for want of jurisdiction.

Criminal Rule 12(J) provides, in material part:

"The state may take an appeal as of right from the granting of a motion * * * to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered

124

the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

Here the state made the requisite certifications.

We begin our rationalization of the apparent anomaly created by our determination that we have no jurisdiction to entertain the state's appeal despite the plain language of Criminal Rule 12(J) with a passing reference to *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

The decision in *Collins* antedates the effective date of the Ohio Rules of Criminal Procedure and, therefore, is not truly apposite to the case at bar. It is, however, a link in the chain by which we shall bind our decision to those of the Supreme Court which bear directly, we think, upon the issue here.

The syllabus of *Collins* states:

"The state may not prosecute an appeal in a criminal case from an order sustaining a pre-trial motion to suppress evidence."

In his opinion in *Collins*, Justice Herbert pointed out, at page 112, that:

"The ability of prosecutors to obtain review of trial court rulings on pre-trial motions to suppress evidence, involving the application of a difficult and changing area of constitutional law, has become an important adjunct of the administration of justice at the state level."

The wisdom of that observation is such that we feel obliged to underscore it in this decision and to adopt it here, in principle.

In harmony with the prediction of Justice Herbert, the General Assembly of Ohio amended R. C. 2945.70 (effective March 23, 1973) allowing the state a limited appeal[1]

---

[1]Committee Comment

This section permits the state to appeal an adverse decision on a motion to suppress evidence in a criminal case, on the merits of the particular case. Under former law, the state could appeal motions to quash, pleas in abatement, demurrers and motions in arrest of judgment on the merits, but an appeal on a motion to quash was permitted only to determine the law to govern in future cases and could not affect the case at bar. See, *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

where the trial court grants motions to supress evidence and thereafter additionally ratified the Ohio Rules of Criminal Procedure, including Rule 12(J).

When the Supreme Court allowed the state's motion for leave to appeal in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, it was called upon to consider this proposition of law:

" 'The provisions of Ohio Revised Code, Section 2945.-68, requiring the permission of the Court of Appeals before a bill of exceptions may be filed, are procedural in nature and are inconsistent with, and superceded by, the Rules of Appellate Procedure.' " (Page 209.)

There, the state had filed a notice of appeal in the trial court pursuant to App. R. 4(B), which purported to permit the prosecution to appeal as of right in criminal cases. This court dismissed that appeal for the the failure of the state to comply with the requirements of R. C. 2945.-68.

As Justice Corrigan noted in the opinion in *Hughes*, *supra*, App. R. 4(B) and R. C. 2945.68 conflict in that the statute grants the Court of Appeals and the Supreme Court discretion in determining whether to allow the filing of a bill of exceptions in a criminal action by the prosecution.

The Supreme Court affirmed our judgment dismissing the appeal, declaring in the syllabus:

"Insofar as App. Rule 4(B), permitting the prosecution, as of right, to appeal judgments of trial courts, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing appeals provided by these same sections, such rule is invalid under the provisions of Section 5 of Article IV of the Ohio Constitution, and an appeal filed by the state pursuant to App. R. 4(B) is properly dismissed where the provisions of R. C. 2945.68 have not been complied with."

Both *Collins* and *Hughes*, then, may be taken to hold that the state has no right of appeal in a criminal case unless such is conferred by statute consistent with constitutional requisites. See, *Euclid* v. *Heaton* (1968), 15

Ohio St. 2d 65. In *Hughes,* at page 211, we find:

"*App. R. 4(B) is in conflict with a substantive statutory provision and must yield to it. The Court of Appeals was correct in dismissing the appeal by reason of the failure of appellant to file a bill of exceptions pursuant to R. C. 2945.68.*"

Reference should be made at this point to the separate concurring opinion of Judge Whiteside in the unreported case of *State* v. *Brown,* First District Court of Appeals, C-74256, decided July 21, 1975. Although the state's appeal, brought pursuant to Crim. R. 12(J), was not dismissed (for reasons explained in the opinion), Judge Whiteside foresaw in *Brown, supra,* the holding which we have determined to make here.

We find that Crim. R. 12(J), in providing an appeal as of right to the state from the granting of a motion to suppress evidence, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing such appeals. Crim. R. 12(J) is, as was App. R. 4(B), in conflict with a substantive statutory provision and, like App. R. 4(B), must yield to it. Therefore, Crim. R. 12(J) must be held to be invalid in so far as it purports to enlarge the statutory right of appeal under the provisions of Section 5 of Article IV of the Ohio Constitution, and an appeal filed by the state as of right pursuant to Crim. R. 12(J) must be dismissed.

*State* v. *Wallace* (1975), 43 Ohio St. 2d 1, came hard upon the heels of *Hughes* and is clearly a reaffirmation of the declaration that App. R. 4(B) could not and did not grant the state an appeal as of right in criminal cases.[2] Further, *Wallace* holds that App. R. 5(A) is applicable to appeals by the state in criminal cases.

As Justice Paul W. Brown states at page 3 of his

---

[2]We note the case of *State* v. *Caltrider* (1975), 43 Ohio St. 2d 157, decided just two weeks after *Wallace, supra.* While involving a Rule 12(J) question, the case is factually inapposite here. We find notable, however, the language of the court, at page 160, referring to the "limited appeal" provided by amended R. C. 2945.70.

opinion in *Wallace*, as applied to appeals by the state in criminal cases, App. R. 5(A) may properly be restated to read:

" '(In an appeal by the state in a criminal case) a motion for leave to appeal shall be filed with the Court of Appeals setting forth the errors which the movant claims to have occured in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by such parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by Rule 3 and file a copy of the notice of appeal in the Court of Appeals. The movant shall also furnish a copy of his motion and a copy of the notice of appeal to the clerk of the Court of Appeals who thereupon shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the (defendant), who may, within thirty days from the filing of the motion, file such affidavits, parts of the record and brief or memoradum [sic] of law to refute the claims of the movant."

Having determined that the prosecution has no right to appeal under Crim. R. 12(J), having to proceed first to obtain leave to appeal, we must point out that *Wallace, supra*, establishes that the time within which a motion for leave to appeal must be filed is to be governed by App. R. 4(B) although App. R. 5(A), now applicable to appeals by the state in criminal cases, imposes no limitations as to when leave to appeal may be sought. Accordingly, the attention of the reader, especially one charged with pursuing prosecutional appeals, is directed to pages 3 and 4 of the opinion in *Wallace*.

The appeal is dismissed, sua sponte, for want of jurisdiction.

*Appeal dismissed.*

PALMER and KEEFE, JJ., concur.