THE STATE OF OHIO, APPELLANT, *v.* DODGE, APPELLEE. (TWO cases.)

[Cite as State v. Dodge, 10 Ohio App. 2d 92.]

(Nos. 696 and 697—Decided April 26, 1967.)

*Mr. Richard J. Rinebolt,* prosecuting attorney, for appellant.

*Mr. Robert D. Walker* and *Mr. John T. Patterson,* for appellee.

GUERNSEY, P. J. In case number 5852 in the Common Pleas Court of Hancock County (Court of Appeals No. 696) Arthur L. Dodge was indicted for the first degree murder of Marian Frances Iliff. He entered a plea of guilty to the indictment, and, as prescribed by Sections 2945.06 and 2945.74, Revised Code, a three-judge court heard evidence as to the degree of the crime. That court then found him guilty of second degree murder and sentenced him to life imprisonment.

In case number 5853 (Court of Appeals No. 697) Dodge was indicted for the first degree murder of Carole Viola Dodge. He entered a plea of guilty to second degree murder. The resident judge of the Common Pleas Court, over the objection of the prosecution, accepted this plea and sentenced him to life imprisonment, the sentence to be served consecutively to the sentence imposed in case number 5852.

Maintaining that it was beyond the authority of a three-judge court in case number 5852 to find Dodge guilty of second degree murder after he had entered a plea of guilty to first degree murder and maintaining that it was beyond the authority of a single judge in case number 5853 to accept, over the state's objection, a plea of guilty to second degree murder when he had been indicted for first degree murder, the prosecuting attorney filed in each case a notice of appeal as of right and an application to this court for leave to file a bill of exceptions as provided by Sections 2945.67 to 2945.70, inclusive, Revised Code.

These matters were then assigned by this court for hearing on orders to show cause why the appeals as of right should not be dismissed and on the applications for leave to file a bill of exceptions. The issues thus are (1) whether the state may prosecute an appeal as of right from either conviction, and (2) whether the state may obtain a review of the proceedings of the

trial court by virtue of the provisions of Sections 2945.67 to 2945.70, inclusive, Revised Code.

Though substantial authority has existed in Ohio, and still exists elsewhere, recognizing the right of a state to prosecute an appeal where the review sought pertains only to steps preliminary to a trial and before the accused is legally in jeopardy, as where discharge is had upon a motion to quash or where a demurrer to the indictment is sustained, nevertheless, it has also long been recognized in Ohio that no review as of right exists on behalf of the state after the defendant has been put in jeopardy. 2 Ohio Jurisprudence 2d 786, Appellate Review, Section 179. Recently, however, in a case where jeopardy had not attached, in reviewing present constitutional and statutory provisions, the Supreme Court held in *Toledo* v. *Crews* (1963), 174 Ohio St. 253 (see, also, 117 Ohio App. 247), that the General Assembly has not authorized same and "there is no right of appeal in a criminal case involving a charge of violation of a municipal ordinance except from a judgment of conviction." Although, the opinion of Chief Justice Taft, concurred in by a majority of the court, specifically states that "it is not necessary for us to determine that the state has no right of appeal in a criminal case," and the decision is confined in applicability to its factual situation, nevertheless, the constitutional and statutory provisions applied to reach the holding of the court are the same as would be applicable to the government's *right* of appeal in all criminal cases and the reasoning of the case is equally applicable to appeals as of right by the state from judgments of Common Pleas Courts relating to statutory crimes. We must conclude from the reasoning of the *Crews case* alone, without reference to any other authority, that in the two cases here under consideration the state of Ohio has no appeal as of right and, therefore, could perfect none by the filing of its respective notices of appeal.

Section 2945.67, Revised Code, provides that a prosecuting attorney may except to a decision of the trial court and present a bill of exceptions thereto. Section 2945.68 provides that he "may present a bill of exceptions in a criminal action to the Court of Appeals or the Supreme Court and apply for permission to file it with the clerk of the court for the decision of such court upon the points presented therein," and prescribes the

applicable procedure. Section 2945.69 permits the appointment of an attorney to argue the bill of exceptions against the prosecuting attorney and prescribes additional procedure. Section 2945.70 then provides:

"If the Court of Appeals or the Supreme Court is of the opinion that the questions presented by a bill of exceptions should be decided, it shall allow the bill of exceptions to be filed and render a decision thereon. This decision *shall not affect the judgment of the trial court in said cause,* nor shall said judgment of the trial court be reversed, unless the judgment of the Court of Appeals or the Supreme Court reverses the judgment of the trial court on its ruling on a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment. In all other cases the decision of the Court of Appeals or the Supreme Court *shall determine the law to govern in a similar case.*" (Emphasis added.)

Prior to the adoption of the Revised Code, effective October 1, 1953, those sections purported to permit the filing of such a bill of exceptions with the Supreme Court only and had no reference to the Court of Appeals. In connection with the adoption of the Revised Code the Bureau of Code Revision rewrote these sections by adding the phrase, "Court of Appeals" wherever appropriate, ostensibly to eliminate a feature previously found to be unconstitutional in *Eastman* v. *State,* 131 Ohio St. 1.

In *State* v. *Kassay* (December 1932), 126 Ohio St. 177, a judgment was entered in a felony case sustaining a demurrer to an indictment upon the ground that the statutes defining and prohibiting the crime were unconstitutional. The prosecuting attorney obtained leave to file a bill of exceptions in the Supreme Court, and a motion was filed to strike same on jurisdictional grounds. In Chief Justice Marshall's opinion, in discussing Section 13446-4, General Code (analogous to Section 2945.70, Revised Code), it is stated, page 179:

"* * * It must be conceded, as it has many times been declared by this court, that the Supreme Court of this state has its jurisdiction fully defined by the Constitution, and that the Legislature may not add to or take from that jurisdiction, except that it may provide revisory jurisdiction of the proceedings of administrative officers. That portion of the statute incorporated within the amendment [dealing with reversals of judg-

ments entered on rulings on motions to quash, pleas in abatement, demurrers and motions in arrest of judgment] is clearly invalid, because it does seek to confer upon the Supreme Court appellate jurisdiction directly from the Court of Common Pleas. * * *

"While we are not concerned in this proceeding with the amended portion of the statute, the discussion so far is deemed to be proper, because of the distinction to be drawn between the amended portion and that portion in existence prior to the amendment.

"* * * We are of the opinion that the statute can be separated into two parts, and that, when separated, each part will be independent of the other, so that one part can be administered even though the other should be found invalid. * * *

"We therefore reach the question whether this court has the power to entertain the exceptions of a prosecuting attorney and to determine whether the ruling of the Court of Common Pleas in the *Kassay case* was a sound rule to be applied in similar cases.

"It has been definitely declared by this court, in *State* v. *Cameron, supra* [89 Ohio St. 214], that this court has such power. In paragraph 3 of the syllabus of that case it is held that Section 13681, General Code, now Section 13446-1, General Code, was valid, 'not as conferring jurisdiction but as prescribing a rule of procedure and practice as to certain appellate jurisdiction now conferred by the new Constitution.' Jurisdiction is defined as the power of a court to hear and decide a controversy between parties and to enter a judgment thereon. It follows that, if no judgment is entered which affects the parties to a controversy, there has been no exercise of judicial power, and therefore no exercise of jurisdiction. * * *

"* * * We are of the opinion that the Legislature could impose upon this court the duty of hearing exceptions of the prosecuting attorney, *because* it did not confer judicial power.''

Judges Jones, Matthias and Day dissented holding, in their opinion, that the Supreme Court has no jurisdiction to entertain the prosecutor's exceptions.

Three months later, on March 29, 1933, the Supreme Court, under a new Chief Justice, considered together and decided two cases of *State* v. *Whitmore* and one of *State* v. *McNary,* 126

Ohio St. 381, which were submitted on exceptions of the prosecuting attorney to the judgment of the Common Pleas Court on demurrer to an indictment of Clifford C. Whitmore and on motions to quash indictments of Whitmore and Leroy E. Eastman. In Eastman's case it was insisted that as a bank *director* he was not an "officer" of the bank and could not be guilty of a violation of Section 710-174, General Code. The constitutionality of Section 13446-4, General Code, was attacked in all three cases. In an opinion written by Judge Stephenson, concurred in only by Judge Allen, the cases of *State* v. *Cameron*, 89 Ohio St. 214, and *State* v. *Kassay*, 126 Ohio St. 177, were approved and followed, and the Supreme Court held:

"1. Section 13446-4, General Code, is separable, and that part is constitutional which provides that the decision of this court, upon questions determined by the trial court in a criminal case presented by a bill of exceptions filed in this court by leave, shall determine the law to govern in similar cases. * * *"

Judge Kincade did not participate in the case, and Chief Justice Weygandt and Judges Day, Jones and Matthias dissented from the quoted holding. Although the dissenters constituted a majority of the court, they were insufficient in number to hold the statutory provision under consideration unconstitutional. All the participating members of the court concurred in holding that "a director is an 'officer' of a bank, under Section 710-174, General Code."

On March 31, 1933, two days after that decision, Eastman was again indicted under Section 710-174, General Code. He entered a plea of *res judicata*, which was sustained by the trial court, and the indictment was dismissed. The state prosecuted error to the Court of Appeals which overruled a motion to dismiss filed on the ground that the state could not prosecute error, reversed the judgment of the trial court, and certified the cause to the Supreme Court as being in conflict with a judgment of another appellate court. By then Judges Allen and Kinkade were no longer on the Supreme Court, having been replaced by Judges Zimmerman and Williams, and Judge Stephenson apparently had new thoughts on the matter. On April 1, 1936, in *Eastman* v. *State*, 131 Ohio St. 1, the Supreme Court, with only Judge Williams dissenting from paragraph twelve of the syllabus, overruled appropriate paragraphs of the syllabi of *State* v.

*Cameron, State* v. *Kassay* and *State* v. *McNary, supra,* and held:

"12. The provisions of Sections 13446-2 and 13446-4, General Code, attempt *to enlarge the judicial power of the Supreme Court* and to abridge that of the Court of Appeals, and are therefore void by reason of conflict with Sections 2 and 6 of Article IV of the Constitution of Ohio. * * *" (Emphasis added.)

In his opinion, concurred in by four other members of the court, Chief Justice Weygandt noted that the defendant made no claim of former jeopardy, noted the then provisions of the Constitution as to the jurisdiction of the Courts of Appeals, found that the appellate court had jurisdiction to entertain the appeal as of right, and stated at page 10 *et seq.*:

"But in conclusion there is another and peculiar phase of the history of this controversy that should be noted. As has been stated, the defendant in his plea in abatement averred that the judgment relating to the earlier indictment remains unmodified and unreversed. The correctness of this statement is difficult to determine because of the inevitable confusion resulting from the provisions of Sections 13446-2 and 13446-4, General Code, which purport to confer upon this court the power for a direct review of the decisions of the Court of Common Pleas without the usual preliminary intermediate step of a review by the Court of Appeals as provided by Sections 2 and 6 of Article IV of the Constitution of Ohio. In this instance the Prosecuting Attorney was apparently deceived into thinking that these statutes have abridged the power of the Court of Appeals to review the judgments of the Court of Common Pleas in criminal cases in which the element of former jeopardy is not involved. In any event he did not seek a review in the Court of Appeals but instead filed a bill of exceptions in this court which then proceeded to go through the formality of disagreeing with the view of the Court of Common Pleas. [*State* v. *Whitmore, State* v. *McNary,* 126 Ohio St. 381.] * * *

"Was this a reversal of the Court of Common Pleas? These statutes provide that the decree of this court shall *not* affect the judgment of the Court of Common Pleas in *said* cause, but they also contain the further provision that the decree of this court *shall* determine the law to govern in a *similar* case. Just what sort of process is this? It has been said that this is not an exercise of judicial power. Of course it could not well be

argued otherwise inasmuch as this power is concededly controlled by the Constitution alone, except in the case of revisory jurisdiction of the proceedings or administrative officers. But if the power involved in these statutes is not judicial, what is it? Legislative? Certainly not the latter, because all courts insistently deny any indulgence in judicial legislation. Then what becomes of the axiom that the exclusive sources of law are the legislative and judicial processes? To escape the horns of this dilemma it has been said further that these statutes are valid, not as conferring jurisdiction, but as prescribing a rule of *procedure* and *practice*. Manifestly this cannot possibly be other than a patently fallacious statement inasmuch as these statutes make no distinction whatsoever between substantive and procedural law; it is provided simply that the decision of this court shall determine the *law* to govern in a similar case. Of course courts have inherent power to promulgate procedural rules, but it is equally well settled that such is not the case with reference to substantive law. Although the purpose of these statutes is a laudable one, it is apparent that they are in conflict with Sections 2 and 6 of Article IV of the Constitution of Ohio and therefore void. * * *''

Summarizing the law of the *Eastman case*, the Supreme Court found that the statutes providing for a review of the trial court's decision by the process of permitting the filing of a bill of exceptions thereto by the prosecuting attorney were void; that the court's earlier conclusions in the *Whitmore* and *McNary cases, supra,* arrived at pursuant to such void procedure, that a bank director was also a bank ''officer,'' did not constitute a reversal of the earlier judgment of the trial court based on its conclusion that a bank director was *not* a bank ''officer''; and that the earlier judgment of the trial court thus remained unmodified and unreversed. The Supreme Court further found and determined that in the *Eastman case,* then before it, the Court of Appeals had jurisdiction to entertain an appeal as of right from the judgment of the trial court determining that its earlier judgment was *res judicata* of the charges contained in the indictments returned on March 31, 1933; that, notwithstanding that the trial court's earlier judgment was a subsisting judgment, it was not a judgment of acquittal and could not, therefore, be *res judicata* of the charges contained in these later in-

100

dictments; that the appellate court's conclusion that a bank director was also a bank "officer" was proper; and that its judgment reversing that of the trial court and remanding the cause thereto must be affirmed.

The important observation from the law of the *Eastman case* as it applies to the proceedings now before this court is not that the provisions of Sections 13446-2 and 13446-4, General Code (analogous to Sections 2945.68 and 2945.70, Revised Code), were declared unconstitutional and void as being an attempt to abridge the judicial power of the Courts of Appeals (by permitting a direct appeal to the Supreme Court) but that such provisions were declared unconstitutional and void because they attempted to enlarge the judicial power of the Supreme Court. This unconstitutional enlargement of *judicial power* is that referred to in the second paragraph of the quotation, *supra,* from Chief Justice Weygandt's opinion wherein the statute was found objectionable because it provided, as does Section 2945.70, Revised Code, that the decision shall not affect the judgment of the trial court in such cause but shall determine the law to govern in a similar case, and, in effect, promulgate substantive law, beyond any valid concept of judicial power. Although when the Revised Code was adopted in 1953 the General Assembly thereby attempted, intentionally or unintentionally, to surmount the finding of unconstitutionality of the *Eastman case* by also providing for a filing of a bill of exceptions by the prosecuting attorney with the *Court of Appeals,* there was no amendment made to such statutes purporting to overcome their unconstitutionality in prescribing a decision which shall not affect the judgment of the trial court in the cause but merely shall determine the law to govern in a similar case. Such provisions are as objectionable in their application to Courts of Appeals as they have been declared to be objectionable in their application to the Supreme Court.

It should be noted that in addition to the reasons for invalidity stated in Chief Justice Weygandt's opinion these provisions merely result in the rendering of an advisory opinion. As held by the Supreme Court in *Travis* v. *Public Utilities Commission* (1931), 123 Ohio St. 355:

"2. It is only the duty of this court to decide actual controversies where the judgment can be carried into effect, and

not to give opinions upon moot questions, or abstract propositions, or to declare principles or rules of law *which cannot affect the matter at issue in the case before it."* . (Emphasis added.)

The *Eastman case* having specific application to the jurisdiction and judicial power of the Supreme Court and indirect application to the jurisdiction and judicial power of the Courts of Appeals as prescribed by the constitutional provisions at that time existing, what then has been the effect of the adoption of the 1944 amendment to Section 6 of Article IV of the Ohio Constitution and the adoption thereafter of amendments to Sections 2945.67 to 2945.70, inclusive? The constitutional provision now prescribes certain original jurisdiction in the Courts of Appeals and then gives to Courts of Appeals "such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals." This has been interpreted as empowering, but not requiring, the General Assembly to change the appellate jurisdiction of the Courts of Appeals. *Youngstown Municipal Ry. Co.* v. *Youngstown* (1946), 147 Ohio St. 221, and *Price* v. *McCoy Sales & Service, Inc.* (1965), 2 Ohio St. 2d 131. However, it must be emphasized that this authority to change has reference only to *appellate jurisdiction,* and there is no case which purports to permit such change except within the specific limitations of the constitutional provisions, *e. g.,* it must have reference to "judgments or final orders." See Chief Justice Taft's concurring opinion in the *Price case, supra.*

In this connection we must consider what is meant by the phrase "review, affirm, modify, set aside or reverse." We note initially that Sections 2945.67 to 2945.70, inclusive, Revised Code, do not contain the word, "review," and we may infer that the General Assembly did not consider proceedings brought under such sections as being a "review." Although in view of the conclusion of the court in the case of *In re Receivership of Wisser & Gabler* (1966), 5 Ohio St. 2d 89, that the matter before it could never have been appealed on questions of law and fact, the constitutional authority of the General Assembly to legislate as to appeal on questions of law and fact may thereby never really have been at issue, nevertheless in the opinion of

Judge Wasserman, sitting by assignment, concurred in by the balance of the court, it is stated at page 95, "We must interpret the word, 'review,' as used in the amendment of 1944 to encompass an appellate review of chancery cases as well as actions at law." In Section 2505.01, Revised Code, it is prescribed that, as used in the Revised Code, " 'Appeal' means all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal, or commission."

We conclude from the various authorities and from its ordinary use and meaning that, as used in Section 6, Article IV of the Ohio Constitution, the word "review" has reference to the general appellate process, which may be more specifically defined and prescribed by the General Assembly, *and* which produces, or results in, the affirmance, modification, setting aside, or reversal of a judgment or final order. Such construction would have been more apparent had the comma following the word, "review," in the 1944 amendment been followed by the word, "and," so that the amendment would have read "such jurisdiction as may be provided by law to review, and affirm, modify, set aside, or reverse judgments or final orders," etc. This then would have been consistent with the existing provision of Section 2, Article IV of the Ohio Constitution:

"* * * In cases of public or great general interest the Supreme Court may, within such limitations of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court, and may review, *and* affirm, modify or reverse the judgment of the Court of Appeals. * * *" (Emphasis added.)

We therefore further conclude that under present constitutional provisions the exercise by Courts of Appeals of their appellate jurisdiction to "review" a judgment or final order of a trial court must always produce, or result in, the affirmance, modification, setting aside, or reversal of that judgment or final order, and thereby must necessarily "affect the judgment of the trial court in said cause." These constitutional provisions do not alter the application of the *Eastman case,* and any attempt by the General Assembly to bestow upon the Courts of Appeals jurisdiction to entertain a proceeding which results in a decision which "shall not affect the judgment of the trial court in said

cause'' but merely ''shall determine the law to govern in a similar case'' is an attempt to enlarge the jurisdiction, as well as the judicial power, of such courts beyond that prescribed by Section 6, Article IV of the Constitution, as amended effective January 1, 1945, and is, therefore, unconstitutional and void. As Sections 2945.67 to 2945.70, inclusive, are *in pari materia*, we must conclude that they are all unconstitutional and void insofar as they relate to the filing of a bill of exceptions by a prosecuting attorney, and to the hearing and rendering of a decision thereon in criminal cases where, as here, jeopardy has attached.

We are aware that various Courts of Appeals have considered proceedings under these sections following the adoption of the Revised Code, effective October 1, 1953, but we find no appeals where the issue of present constitutionality of these sections has been raised or considered.

It is, therefore, our judgment and order that the appeals as of right be dismissed, that the applications for leave to file bills of exceptions be overruled, and that the bill of exceptions filed in these cases without leave be stricken from the files.

*Judgment accordingly.*

YOUNGER and MIDDLETON, JJ., concur.