VILLAGE OF NORTHWOOD, APPELLANT, *v.*
VOLSCHOW, APPELLEE.

(No. WD-79-37—Decided May 9, 1980.)

*Mr. Patrick Crowley,* for appellant.
*Mr. David R. Pheils, Jr.,* for appellee.

BROWN, J.   In September of 1978, an affidavit, alleging that defendant-appellee, Lyle G. Volschow, had violated Section 648.04(b)(1) of the Northwood Village Ordinances (hereinafter referred to as Section 648.04[b][1] ), was filed in the Mayor's Court of Northwood, Ohio. The case was subsequently transferred to the Perrysburg Municipal Court where the case proceeded to trial. After the trial court heard all of the evidence, defendant made a motion for a judgment of acquittal on the grounds that Section 648.04(b)(1), as to the verbal conduct used by the defendant, was unconstitutionally vague. The trial court granted defendant's motion, entered a judgment of acquittal and discharged the defendant. The village has appealed the judgment of acquittal and the discharge of the defendant to this court.

The village seeks a reversal of the judgment of acquittal, advancing four assignments of error, primarily attacking the trial court's ruling that Section 648.04(b)(1) is unconstitutional and alleging that the trial court erred in failing to limit construction of the ordinance to preserve its constitutionality.

However, the question which immediately arises is whether the village has a right to appeal a judgment of acquittal, no matter how erroneous the acquittal, where jeopardy has attached.

In deciding this question, we must apply R. C. 2945.67, effective November 1, 1978 (see 137 Ohio Laws 3897-3898), which provides, in part, as follows:

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."

Prior to November 1, 1978, R. C. 2945.67 (see 137 Ohio Laws 2115) read as follows:

"The prosecuting attorney, village solicitor, city director of law, or the attorney general may except to a decision of the court and present a bill of exceptions thereto. The court shall sign the bill and it shall be made a part of the record."

At this time, R. C. 2945.67 permits appeal by a municipality, *except* where a "final verdict" has been entered. In the present case, the trial court entered a "final verdict" (a judgment of acquittal) after hearing all the evidence. Under these circumstances, no appeal by the municipality may be taken. *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 382. Cf. *State, ex rel. Keener,* v. *Serr* (1976), 53 Ohio App. 2d 143; *State* v. *Pernell* (1968), 15 Ohio App. 2d 221; and, *State* v. *Dodge* (1967), 10 Ohio App. 2d 92, affirmed in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65.\*

---

\* The various procedural requirements for an appeal under R. C. 2945.67 (see 137 Ohio Laws 2115) by the state or a village, as set forth in detail in R. C. 2945.68 to 2945.70, were repealed effective November 1, 1978 (see 137 Ohio Laws 3899), the same date that amended R. C. 2945.67 (see 137 Ohio Laws 3897-3898) became effective. R. C. 2945.68 to 2945.70 were considered in detail in *State* v. *Dodge, supra,* and in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65.

Accordingly, the appeal on behalf of the village of Northwood from the judgment of the Perrysburg Municipal Court is hereby dismissed.

*Appeal dismissed.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.