THE STATE OF OHIO, APPELLANT, *v.*
OWEN, APPELLEE.

(No. WMS-83-6—Decided
July 8, 1983.)

*Mr. Joseph Kiacz,* prosecuting attorney, for appellant.

*Mr. John S. Shaffer,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from the judgment of the Bryan Municipal Court.

On or about January 21, 1983, appellee, James E. Owen, was issued two citations, one for operating his tractor-trailer in excess of fifty-five miles per hour, in violation of R.C. 4511.21(D), and another for having in his possession a motor vehicle with a concealed identity, in violation of R.C. 4549.07. On March 8, 1983, both cases were called for trial and a hearing was held on appellee's motion to suppress certain evidence regarding the alleged alteration of the identification number on appellee's semitrailer.

At the close of appellee's presentation of his motion to suppress, the trial court denied said motion and proceeded to the merits of the concealed identity charge. Thereafter, the state proffered its evidence regarding the concealed identity charge and the parties entered the following stipulation on the record:

"Mr. Kiacz, attorney for plaintiff, State of Ohio: I would stipulate that on the date and time in question that a semi-trailer is shown in plaintiff's exhibit #3. That on that date and time in question that this vehicle was pulled by the tractor that the defendant has referred to or a like tractor and that it had no independent mode of power which would propell [sic] it forward. However, we would of course, also stipulate that it is drawn by a motor vehicle, but I don't feel that that weighs anything on the court's decision in this instance.

"Mr. Shaffer, attorney for defendant, James E. Owen: We would stipulate to all of that except for in some instances it is not drawn by a motor vehicle, I mean it's —

"Mr. Kiacz: We would have no argument with the fact that sometimes it is not —

"Mr. Shaffer: As in the picture, it is not being drawn.

"Mr. Kiacz: It's stationary, at some point we have no argument with that otherwise we can't have the stipulation."

Appellee then orally moved to dismiss the complaint as to the concealed identity charge on the ground that a semitrailer is not a motor vehicle within the contemplation of R.C. 4549.07. Thereafter, the trial court granted appellee's motion to dismiss, accepted appellee's plea of no contest to the speeding charge, and sentenced appellee thereon.

From that judgment, the state appeals, presenting the following assignment of error:

"That the trial court erred in ruling that a semitrailer is not a motor vehicle as defined in Section 4501.01 of the Revised Code and as used in Section 4549.07 of the Ohio Revised Code."

On April 12, 1983, appellee filed a

motion in this court to dismiss the state's appeal on the ground that no appealable question was presented, pursuant to R.C. 2945.67. On May 24, 1983, appellee's motion to dismiss was denied. At oral argument, however, this court determined, *sua sponte,* to reconsider this issue.

R.C. 2945.67(A) provides, in pertinent part, that:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, * * *."

In its judgment entry of March 8, 1983, the trial court entered the following with respect to the concealed identity charge: "Case dismissed on motion of defendant." Our review of the transcript of proceedings further discloses that after hearing the evidence and determining appellee's motion to suppress, the trial court stated that "[w]e will proceed now to the merits of the matter, gentlemen."

The state then proceeded to proffer certain evidence regarding the concealed identity charge, and the parties subsequently entered certain stipulations on the record. Thereafter, appellee moved to dismiss the complaint, which the trial court granted on the ground that a semitrailer is not a "motor vehicle" as contemplated in R.C. 4549.07.

Upon consideration of the foregoing, we find that the trial court granted appellee's motion to dismiss *after* the trial had commenced and jeopardy had attached. For that reason, we hold that the issue presented by the state's appeal is not one entitling the state to an appeal *as of right* in accordance with R.C. 2945.67. We, therefore, order this appeal dismissed at the state's costs.

We further note, however, the importance of the issue raised by the state regarding the trial court's construction of the pertinent statutes and refer the state, for future reference and possible favorable consideration, to the following additional provision set forth in R.C. 2945.67(A):

"A prosecuting attorney * * * may appeal by leave of the court to which the appeal is taken any other decision, *except the final verdict,* of the trial court in a criminal case or of the juvenile court in a delinquency case."

Pursuant to this provision, we hold that the state may appeal, with leave of court, any other decision of the trial court in a criminal matter *except the final verdict.*[1] In so holding, we find it necessary to reconsider this court's decision in *Northwood* v. *Volschow* (1980), 68 Ohio App. 2d 187 [22 O.O.3d 283]. In that case, this court held, as summarized in the syllabus, as follows:

"1. R.C. 2945.67, effective November 1, 1978 (137 Ohio Laws 3897-3898), permits the prosecuting attorney, village solicitor, city director of law or the attorney general to appeal, either as a matter of right or by leave of court, certain decisions of a trial court in a criminal case, *except* the final verdict of the trial court. [Emphasis *sic.*]

"2. A judgment of acquittal is a 'final verdict,' and a municipality may not appeal such a decision pursuant to R.C. 2945.67."

Although we find the foregoing to be a correct statement of the law, a careful review of the opinion reveals that the court further held, at 188, that:

"At this time, R.C. 2945.67 permits appeal by a municipality, except where a

---

[1] For the proper procedure in seeking leave of court to appeal see *State* v. *Wallace* (1975), 43 Ohio St. 2d 1 [72 O.O.2d 1].

'final verdict' has been entered. In the present case, the trial court entered a 'final verdict' (a judgment of acquittal) after hearing all the evidence. Under these circumstances, *no appeal by the municipality may be taken.* \* \* \*'' (Emphasis added, and citations omitted.)

Upon consideration of the foregoing, we hereby overrule the foregoing portion of this court's decision in *Northwood* v. *Volschow, supra,* to the extent that the language implies that the state may not appeal *any* order, otherwise appealable pursuant to R.C. 2945.67, upon obtaining leave of court, *once the final verdict has been rendered.*

On consideration whereof, the state's appeal is hereby ordered dismissed and this cause is remanded to the Bryan Municipal Court for assessment of costs. Costs to appellant, the state of Ohio.

*Appeal dismissed.*

HANDWORK, J., concurs.

CONNORS, P.J., concurs in judgment only.