THE STATE OF OHIO, APPELLANT, *v.*
ULRICH, APPELLEE.

(No. WD-83-42—Decided August 8,
1983.)

*William Hayes,* prosecuting attorney, for appellant.
*Michael Ulrich, pro se.*

DOUGLAS, J. This matter is before the court upon the motion of the state of Ohio for leave to appeal, notice of appeal filed by the state and memorandum in support of jurisdiction. The defendant in the trial court has, pursuant to App. R. 5(A), as construed in *State* v. *Wallace* (1975), 43 Ohio St. 2d 1 [72 O.O.2d 1], filed a motion to "dismiss the appeal of the State of Ohio" which we shall construe as a memorandum in opposition to the claims of the state.

Defendant was charged with the of- fense of driving under the influence of alcohol in violation of R.C. 4511.19(A)(3).[1] A trial to the court was conducted on May 31, 1983, in the Perrysburg Municipal Court. At the close of the state's case against defendant, defendant moved for a judgment of acquittal pursuant to Crim. R. 29(A). The trial court granted the motion for acquittal and, in doing so, ruled that the state must provide some type of expert testimony that correlates the result of the administered test which defendant had taken to the specific time when defendant was driving. On June 29, 1983, the movant filed in this court its motion for leave to appeal this ruling of the trial court and its memorandum in support of jurisdiction. Defendant filed his memorandum on July 8, 1983.

Appeals by the state are governed by R.C. 2945.67 (and Crim. R. 12[I] and [J], which are not pertinent here), which provides, in pertinent part:

"(A) A prosecuting attorney * * * may appeal as a matter or [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, *and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case* * * *." (Emphasis added.)

It is without question that the decision which the state seeks to appeal is not one which is specifically enumerated in R.C. 2945.67 or Crim. R. 12(I) or (J). Thus, applying the statutory construc-

---

[1] R.C. 4511.19 states in relevant part:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:
"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;"

tion principle of *"expressio unius est exclusio alterius,"* there is no doubt that the state, in the instant case, does not have a *right* of direct appeal. Accordingly, in order for the state to appeal the trial court's "decision" (the language of the statute), the state must procure, from this court, leave to appeal.

R.C. 2945.67(A) facilitates prosecution appeals of trial court decisions in criminal cases. Seè 1 Ohio Criminal Practice and Procedure (1982 Supp.), Section 46.6. Presently, under the provisions of R.C. 2945.67(A), the state may appeal, with leave of court, any decision of the trial court except the final verdict. *State* v. *Owen* (1983), 16 Ohio App. 3d 384 (overruling, in part, *Northwood* v. *Volschow* [1980], 68 Ohio App. 2d 187 [22 O.O.3d 283]).[2]

Whether or not the state of Ohio may appeal lies within the sole and sound discretion of this court. The state concedes, and we wholeheartedly agree, that defendant Ulrich may neither be retried nor may the final verdict which the trial court entered in the present case be reversed, as the longstanding constitutional principle of double jeopardy prohibits such a result. But, see, *contra, State* v. *Woods* (Nov. 23, 1979), Cuyahoga App. No. 40756, unreported. Further, the movant has in no way intimated that the appeal sought is to challenge the final verdict entered by the trial court. If the state's motion for leave is granted, our eventual decision in this appeal would in no way affect defendant's rights nor would it subject him to further prosecution on the charges for which he was tried. Thus, the question is whether this court, in the case *sub judice*, should grant the state leave to appeal the trial court's decision that expert testimony which correlates the result of the administered test to the time that the defendant was operating a vehicle is necessary for the prosecution to sustain its burden of proof in proving that the defendant operated a vehicle while intoxicated.

The Supreme Court, in *State* v. *Wallace, supra,* at 3, set forth the procedure to be followed in appeals sought by the prosecution pursuant to R.C. 2945.67(A):

"As applied to such appeals, App. 5(A) may properly be restated to read:

---

[2] As this court recently stated in *State* v. *Owen* (1983), 16 Ohio App. 3d 384, 385-386:

"Pursuant to this provision [R.C. 2945.67(A)], we hold that the state may appeal, with leave of court, any other decision of the trial court in a criminal matter *except the final verdict.* In so holding, we find it necessary to reconsider this court's decision in *Northwood* v. *Volschow* (1980), 68 Ohio App. 2d 187 [22 O.O.3d 283]. In that case, this court held, as summarized in the syllabus, as follows:

" '1. R.C. 2945.67, effective November 1, 1978 (137 Ohio Laws 3897-3898), permits the prosecuting attorney, village solicitor, city director of law or the attorney general to appeal, either as a matter of right or by leave of court, certain decisions of a trial court in a criminal case, *except* the final verdict of the trial court. [Emphasis *sic.*]

" '2. A judgment of acquittal is a "final verdict," and a municipality may not appeal such a decision pursuant to R.C. 2945.67.'

"Although we find the foregoing to be a correct statement of the law, a careful review of the opinion reveals that the court further held, at 188, that:

" 'At this time, R.C. 2945.67 permits appeal by a municipality, except where a "final verdict" has been entered. In the present case, the trial court entered a "final verdict" (a judgment of acquittal) after hearing all the evidence. Under these circumstances, *no appeal by the municipality may be taken.* * * *' (Emphasis added, and citations omitted.)

"Upon consideration of the foregoing, we hereby overrule the foregoing portion of this court's decision in *Northwood* v. *Volschow, supra,* to the extent that the language implies that the state may not appeal *any* order, otherwise appealable pursuant to R.C. 2945.67 upon obtaining leave of court, *once the final verdict has been rendered."*

" '[In an appeal by the state in a criminal case] * * * a motion for leave to appeal shall be filed with the Court of Appeals * * * setting forth the errors which the movant claims to have occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by such parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by Rule 3 and file a copy of the notice of appeal in the Court of Appeals. The movant shall also furnish a copy of his motion and a copy of the notice of appeal to the clerk of the Court of Appeals who thereupon shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the * * * [defendant], who may, within thirty days from the filing of the motion, file such affidavits, parts of the record and brief or memorandum of law to refute the claims of the movant.' "

Further, we recognize that the Supreme Court, in *Wallace, supra,* at 3-4, held that the thirty-day time requirement of App. R. 4(B) also applies to cases in which the prosecution seeks leave to appeal.

In reviewing the materials which have been submitted to us, it is our determination that the state has substantially complied with the procedural guidelines necessary when leave to appeal is sought under R.C. 2945.67(A) as set forth by the Supreme Court in *Wallace, supra.* Thus, we must now decide whether, in our sound and sole discretion, the state should be granted leave to appeal the decision of the trial court which it now seeks to appeal.

The prohibition against driving a vehicle while under the influence of alcohol is of manifest importance to the citizens of the Sixth Appellate District, as well as to the entire state of Ohio. Furthermore, the Sixth District Court of Appeals is the final adjudicator of questions of criminal law and procedure within the Sixth Appellate District; that is, of course, until and unless the Supreme Court authoritively addresses such issues. Each day, across our appellate district, trial courts continually decide such questions from which the defendant, obviously, does not appeal. This necessary occurrence, however, unfortunately results in rulings which lack uniformity throughout the various towns and cities of our district. On occasion, otherwise guilty parties may very well escape conviction because of the incorrect rulings of the trial court. Such inconsistent fragmentation does not lend to the integrity of the criminal law, but rather detracts from it while demoralizing our judicial system. The statute in question deserves uniform application throughout this appellate district, and the citizens of this district not only deserve, but are entitled to an authoritative explanation of the law which will undoubtedly be of service to those accused of the offense, the state, the lawyers, and the lower courts of this appellate district for their guidance in the enforcement and administration of the criminal law.

Accordingly, the state of Ohio's motion for leave to appeal the decision of the Perrysburg Municipal Court rendered May 31, 1983, wherein the court held that expert testimony was required in order for the state to sustain its burden of proof that a defendant was driving under the influence of alcohol in violation of R.C. 4511.19(A)(3), is well-taken and, therefore, granted. Defendant's memorandum in opposition, as to the jurisdiction of this court to grant leave to appeal, is not well-taken and is, therefore, denied. Furthermore, pursuant to App. R. 10(G), the time limita-

tion for the preparation and transmission of the record, as set forth in App. R. 10(A), shall commence to run from the filing of this court's journal entry granting the state leave to appeal. However, considering the importance of this question as outlined *supra,* and pursuant to App. R. 14(B), the movant (now appellant) is ordered to file the record on or before August 19, 1983, and its assignments of error and brief on or before August 29, 1983.[3] Thereafter, this court will set the matter for hearing.

It is so ordered.

*Leave to appeal granted.*

HANDWORK and RESNICK, JJ., concur.

---

[3] This court is mindful that the legislature repealed (effective November 1, 1978) R.C. 2945.68 and R.C. 2945.69, which sections provided a method to have the position of the trial judge briefed and argued before a court granting to the state leave to appeal. This court stands ready to accept and consider any material filed by or on behalf of the trial judge and to permit the trial judge or his representative to appear and be heard at oral argument. Any brief or other matter filed by the trial judge or his representative shall be filed on or before September 9, 1983.