### State v. Wash
*[Cite as 7 AOA 372]*

*Case No. 90 CA 004802, 90 CA 004803*
*Lorain County, (9th)*
*Decided October 10, 1990*

Gregory A. White, Prosecuting Attorney, 226 Middle Ave., Elyria, Ohio 44035, for Plaintiff.

Jack W. Bradley, 520 Broadway, 3rd Floor, Lorain, Ohio 44052, for Defendant.

CACIOPPO, J.

On February 4, 1989, the defendant-appellee, David Wash, was involved in a head-on collision in Sheffield Township. As a result of the accident, the driver of the other automobile was fatally injured. Wash was transported to St. Joseph Hospital following the accident, where two blood samples were taken by a medical laboratory technician. The first sample was taken for hospital purposes, while the second sample was taken at the direction of a state highway patrolman with the consent of Wash. A blood sample was also taken from the decedent. Neither Wash's samples nor the sample taken from the decedent were placed in vials containing an anticoagulant. Wash's second sample and the decedent's sample were sent to the Ohio State Highway Patrol Laboratory.

On February 7, 1989, Wash was indicted by the Lorain County Grand Jury on one count of each of the following:

Aggravated Vehicular Homicide (R.C. 2903.06(A)); Involuntary Manslaughter (R.C. 2903.04(B)); Driving While Under the Influence (R.C. 4511.19(A)(2)); Left of Center (R.C. 4511.21(A)); No Drivers License (R.C. 4507.02(A)); Assured Clear Distance (R.C. 4511.21(A)); and two specifications for causing physical harm in the commission of the first two counts.

On July 24, 1989, the trial court granted the defendant's motion to suppress the blood test taken for State Highway Patrol purposes, on the ground that the State had failed to comply with O.A.C. 3701-53-05, requiring that an anti-coagulant be added to such samples. This order was not appealed. On January 18, 1990, the State filed a Notice of Intent to use the blood-alcohol test results of the sample taken by St. Joseph Hospital for medical purposes. The State had obtained these records through a subpoena to the hospital. In addition, the State requested that the trial court disallow admission of the decedent's blood test results. In response to the Notice of Intent, Wash filed a notion in Limine/Motion to Suppress the results of the St. Joseph Hospital blood test. On March 26, 1990, the trial court denied the State's request to disallow the decedent's blood test results. On March 30, 1990, the trial court granted Wash's Motion in Limine/Motion to Suppress the hospital blood test results on the ground of physician-patient privilege. The state appeals.

*Assignment of Error I.*

"The trial court erred in granting defendant's motion in liminie (sic)/motion to suppress as state's evidence, St. Joseph Hospital

records of defendant's blood test and its results or testimony pertaining to same."

The State's primary contentions in this assignment of error are threefold. First, the State argues that no physician-patient relationship existed in the case at bar. Second, in the alternative, the State contends that if such a privilege did exist, it did not apply to a medical laboratory technician. Third, also in the alternative, the State asserts that any physician-patient relationship was destroyed by Wash's failure to timely object to the State's obtaining the records and their subsequent public exposure.

R.C. 2317.02, governing the physician-patient privilege, provides in part:

"(B)(1) A physician or a dentist, concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided in this division and division (B)(2) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician or dentist may be compelled to testify on the same subject.

"***

"(3) As used in divisions (B)(1) and (2) of this section,'communication' means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A 'communication' may include, but is not limited to, any medical, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.***[.]"

It is apparent from the language contained in R.C. 2317.02(B), as well as the case law in Ohio, that a blood-alcohol test administered in connection with a physical examination is a "communication" within the physician-patient privilege. *City of Akron v. Cook* (June 14, 1989), Summit App. No. 13969, unreported; *State v. Smorgala* (1990), 50 Ohio St. 3d 222, 223 at footnote 1. The term "communication" has been interpreted to include not only verbal exchanges of information, but also physical observations and examinations. *State v. Dress* (1982), 10 Ohio App. 3d 258, 260-261.

In *State v. Smorgala* (Dec. 14, 1988), Lorain App. No. 4282, unreported, this court refused to recognize an exception to the physician-patient relationship for "drunken driving" cases. The *Smorgala* decision was subsequently affirmed by the Ohio Supreme Court. *State v. Smorgala* (1990), 50 Ohio St. 3d 222. In light of the *Smorgala* decisions, as well as the clear wording of R.C. 2317.02(B), the hospital records sought to be introduced by the state clearly fall within the physician-patient relationship.

In addition, the State's contention that Wash waived this privilege is without merit. Mr. Wash and his attorney took the appropriate steps to maintain the privilege by submitting to the hospital authorizations and letters requesting that the hospital not release the records, and upon the filing of the State's Notice of Intent promptly filed his Motion in Limine/Motion to Suppress. While there was some time lapse between the State's obtaining the records and Wash's contesting their introduction, this was not sufficient to constitute a waiver. The error in allowing the records to be released to the State, and potentially to the public, was solely due to the actions of the hospital in this instance. Mr. Wash should not be made to bear the burden of the hospital's mistake. The question of whether Wash waived the physician-patient relationship in the "Conditions of Probation" document is not properly before this court as this was not brought to the trial court's attention until after it had made the order which is presently under consideration by this court.

The issue of whether the physician-patient privilege applies to the medical laboratory technician in the case at bar is also not properly before the court. The record indicates that the issue before the trial court dealt solely with the admissibility of the hospital records and blood test results, and the order appealed from dealt solely with this issue.

The appellant's first assignment of error is overruled.

*Assignment of Error II.*

"The trial court erred in denying the State of Ohio's motion to disallow, as evidence, the victim's Ohio Highway Patrol blood test results."

Although the state's second assignment of error is some-what compelling on its merits, the issues presented are not properly before this court, and as such, this assignment of error must be dismissed.

R.C. 2945.67(A) facilitates prosecutorial appeals of trial court decisions in criminal

cases. *State v. Ulrich* (1983), 17 Ohio App. 3d 179, 180. R.C. 2945.67(A) provides:

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.***[.]"

Pursuant to the express language of R.C. 2945.67(A), Ohio courts have recognized that the state may appeal, with leave of court, any other decision of the trial court in criminal matters except final verdicts. *State v. Owen* (1983), 16 Ohio App. 3d 384, 385; *State v. Ulrich, supra.*

It is apparent from the record and the briefs of the parties that the trial court's refusal of the State's Motion to Disallow the victim's blood test results does not fall within any of the specifically enumerated appealable orders of R.C. 2945.67(A). As to the remaining alternatives available to the state with leave of court, the Ohio Supreme Court in *State v. Wallace* (1975), 43 Ohio St. 2d 1, interpreted App. R. 5(A) as it applies to R.C. 2945.67(A) as follows:

"'[In an appeal by the state in a criminal case]*** a motion for leave to appeal shall be filed with the Court of Appeals *** setting forth the errors which the movant claims to have occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by such parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by Rule 3 and file a copy of the notice of appeal in the Court of Appeals. The movant shall also ·furnish a copy of his motion and a copy of the notice of appeal to the clerk of the Court of Appeals who thereupon shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the

*** [defendant], who may, within thirty days from the filing of the motion, file such affidavits, parts of the record and brief or memorandum of law to refute the claims of the movant.'" *Id.* at 3.

In addition, the court in *Wallace* recognized that the thirty-day time requirement of App. R. 4(B) also applies to cases in which the prosecution seeks leave to appeal. *Id.* at 3-4. It is apparent from the filings of the State that it has failed to comply with the prerequisites for a prosecutorial appeal as enunciated in *Wallace.*

As the State has failed to comply with aforementioned requirements for prosecutorial appeals, this assignment of error is dismissed.

The judgment of the trial court is affirmed. The second assignment of error is dismissed.

QUILLIN, J., concurs.

REECE, P.J., concurs in part and dissents in part.

REECE, P.J., dissenting.

I concur with the majority regarding the disposition of assignment of error two. I dissent as to assignment of error one.

I believe the trial court's reliance solely and vaguely upon *State v. Smorgala* (1990), 50 Ohio St. 3d 222, is misplaced. The Supreme Court in that case held only that courts cannot create a public in drunk policy exception in drunk driving cases to a statutory privilege, i.e., physician-patient.

Still intact is the additional conclusion of this court in *State v. Smorgala* (Dec. 14, 1988), Lorain County 4282, unreported, that "[T]he trial court never reached the question of whether the particular material in question (hospital blood-alcohol test results) falls within the privilege." The same is true in the case *sub judice.* Further, *State v. McKinnon* (1987), 38 Ohio App. 3d 28, is still controlling law in this district. There we said that the relation of medical technologist and patient not being named in R.C. 2317.02(B) (concerning privileged communications), a medical technologist is not prohibited by the statute from testifying as to the blood-alcohol content of a blood sample taken from an injured driver who was brought to a hospital following an automobile collision.

Therefore, unless and until it is determined who is going to testify in this case, and what the testimony is going to be, I believe the trial court erred in its ruling on the motion to sup-

press the hospital blood-alcohol test. This case is similar to *City of Akron v. Cook* (June 14, 1989), Summit 13969, unreported. I would reverse and remand on assignment of error one.