MEMORANDUM DECISION AND JUDGMENT ENTRY.
Raising two assignments of error, defendant-appellant Kachena Richardson appeals from the May 20, 1998, entry of the Hamilton County Municipal Court in a prosecution brought under a local ordinance. We do not, however, reach the merits of her challenges as we are without jurisdiction to entertain this appeal. The entry is not a judgment of conviction entered in accordance with Crim.R. 32(C), and, therefore, the record before us does not contain a final appealable order. We have sua sponte removed this cause from the accelerated calendar.
In March 1997, the trial court entered a judgment of conviction against Richardson for violating Cincinnati Municipal Code 709-39, prohibiting the possession or use of a weapon on school property. Richardson chose to appeal the sentence of a twenty-dollar fine and court costs. In reversing the judgment of conviction, this court held that:
 On the state of the record before us, we cannot say whether the knife was a dangerous weapon or a deadly weapon as a matter of law. We therefore reverse the trial court's judgment and remand this case to the trial court for adjudication consistent with this memorandum decision.
Cincinnati v. Richardson (Mar. 13, 1998), Hamilton App. No. C-97030, unreported. On remand, the trial court conducted a hearing and recorded the following journal entry on May 20, 1998. The signed entry is quoted in its entirety:
 issue. Finding. that knife does not fall within State v. Sears 4" pocket knife, that it was used or carried as a weapon. Stay pend appeal.
It is from this entry that Richardson appeals.
Our March 1998 reversal rendered the trial court's previous judgment void in its entirety. See Section 3(B)(2), Article IV of the Ohio Constitution; see, also, State v. Dodge (1967), 10 Ohio App.2d 92,226 N.E.2d 156. On remand, the trial court was required to perform all the steps necessary "for adjudication consistent with" our previous decision.
As we explained in State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported, without a properly journalized judgment of conviction, this court does not have jurisdiction to hear a criminal appeal, as R.C. 2953.02 and Section 3(B)(2), Article IV
of the Ohio Constitution restrict this court to a review of a trial court's "judgment or final order." Crim.R. 32(C) requires a court purporting to enter a judgment of conviction to journalize an entry setting forth the plea, the verdict, and the sentence imposed. Strict compliance with Crim.R. 32(C) is required. Statev. Lovelace (Jan. 15, 1999), Hamilton App. No. C-970983, unreported.
Upon the reversal of the 1997 judgment, it was incumbent upon the trial court to make a finding of guilt if the evidence warranted it, to reimpose sentence, pursuant to Crim.R. 32(A) and 32(B), and to memorialize that fact by the means identified in Crim.R. 32(C). The May 20, 1998, finding does not conform to the requirements of Crim. R. 32(C) as it does not identify the plea, the verdict, or the sentence imposed. In the absence of a valid judgment of conviction from which an appeal may be taken, we are without jurisdiction to entertain Richardson's appeal. Accordingly, we sua sponte dismiss the appeal.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Appeal dismissed.
 Gorman, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on March 12, 1999 per order of the Court _______________________________.
Presiding Judge