THE STATE OF OHIO, APPELLANT, *v.* HUGHES, APPELLEE.

(No. 73-1037—Decided March 19, 1975.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mrs. Cheryl Levey,* for appellant.

No appearance for appellee.

CORRIGAN, J. Appellant maintains in a single proposition of law that:

"The provisions of Ohio Revised Code, Section 2945.68, requiring the permission of the Court of Appeals before a bill of exceptions may be filed, are procedural in nature and are inconsistent with, and superseded by, the Rules of Appellate Procedure."

Appellant, in this case, filed a notice of appeal in the trial court pursuant to App. R. 4(B). App. R. 4(B) permits the prosecution to appeal as of right in criminal cases. This rule, as applicable to appeals by the prosecution, is in conflict with R. C. 2945.68.

R. C. 2945.68 permits a prosecuting attorney, solicitor, or the Attorney General to present a bill of exceptions in a criminal action to the Court of Appeals or the Supreme Court. The statute, however, grants the Court of Appeals

and the Supreme Court discretion in determining whether to allow the filing of a bill of exceptions by the prosecution.

Appellant argues that the provisions of R. C. 2945.67 and 2945.70 are merely procedural in nature and, as such, have been superseded by App. R. 4(B). We disagree.

Section 5(B) of Article IV of the Ohio Constitution provides, in part:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

It was pursuant to this constitutional provision that the Appellate Rules were adopted by the Ohio Supreme Court, effective July 1, 1971. App. R. 1 provides that the rules govern procedure in appeals to Courts of Appeals from the trial courts of record in Ohio. Clearly, they supersede all *procedural* statutes in conflict with them.

R. C. 2945.68, however, grants the prosecution a substantive right of appeal which did not exist at common law prior to the adoption of Section 6 of Article IV of the Ohio Constitution (now Section 3 of Article IV), and the implementing legislation contained in R. C. 2945.67 through 2945.70—formerly G. C. 13446-1, 13446-2, 13446-3 and 13446-4. Section 3 of Article IV of the Ohio Constitution granted appellate courts, among other things, such jurisdiction as may be provided by law. R. C. 2945.67 through 2945.70 and their predecessor statutes give appellate courts specific authority to hear appeals by the prosecution. The weight of authority in this country generally opposes the right of the government to bring error in a criminal case unless permitted by statute. 2 Ohio Jurisprudence 2d 786, Appellate Review, Section 179. See, also, 2 American Jurisprudence 984, Appeal and Error, Section 227.

The effect of R. C. 2945.67 through 2945.70 is to grant jurisdiction to appellate courts to hear appeals by the prosecution in criminal cases and to create a *substantive* right

in the prosecution to bring such appeals in the instances permitted by R. C. 2945.70 and the decisions interpreting that section.

Moreover, the **right created** and the jurisdiction granted by R. C. 2945.67 through 2945.70 is limited. Those sections, as well as specifying the procedure to be followed in bringing an appeal, also limit the right of appeal by granting appellate courts discretion as to which cases will be allowed for review.

App. R. 4(B), in providing an appeal as of right by the prosecution, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing such appeals.

App. R. 4(B) is in conflict with a *substantive* statutory provision and must yield to it. The Court of Appeals was correct in dismissing the appeal by reason of the failure of appellant to file a bill of exceptions pursuant to R. C. 2945.68. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., dissenting. I do not agree that App. R. 4(B) abridges, enlarges or modifies any "substantive right," as that term is used in Section 5(B) of Article IV of the Constitution of Ohio. More particularly, the provisions of R. C. 2945.68 do not create, define or regulate the rights of any party. See *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 145.

The prosecutional appeals concerned in R. C. 2945.-67 through R. C. 2945.70 are not adversary, in the accepted constitutional sense, and R. C. 2945.68 merely establishes a procedure to be followed in such cases. These sections do represent a legislative effort to describe certain procedural

"rights," which purport to pertain to the Courts of Appeals and the Supreme Court. The statutes provide for those courts to sift through the questions presented by the bill of exceptions and decide whether a decision should be rendered thereon. I find no substantive right of any party affected by a provision for this procedure.

Following publication of the opinion in *State v. Collins* (1970), 24 Ohio St. 2d 107, 265 N. E. 2d 261, it became the settled public policy of this state to favor properly regulated prosecutional appeals from the sustaining of motions to suppress evidence in criminal cases. This is demonstrated not only by the opinion in *Collins*, but by the subsequent amendment to R. C. 2945.70 (134 Ohio Laws 1995, 1996), and the promulgation of App. R. 4(B), Crim. R. 12(J) and Juv. R. 22(F). These rules have all been presented to, and accepted by, the General Assembly. Long prior to that, however, a basic policy favoring delineated pre-jeopardy state appeals had become firmly established. R. C. 2945.70.

It seems settled that the November 7, 1944, amendment to what is now Section 3 of Article IV of the Constitution of Ohio empowered the General Assembly to change the appellate jurisdiction of the Courts of Appeals. *Youngstown Municipal Ry. Co. v. Youngstown* (1946), 147 Ohio St. 221, 70 N. E. 2d 649; *State v. Collins (supra)*, at page 108. The vehicle traditionally employed by that body in working such changes has been that of statutory enactment. However, the 1968 adoption of the Modern Courts Amendment (132 Ohio Laws 42) provides interesting speculation concerning whether another mode of change has become constitutionally available, viz, rules which have survived legislative perusal.

Under App. R. 4(A), the time for filing a notice of appeal in civil cases is 30 days. Under R. C. 2505.07, it is 20 days. Is the majority prepared to strike down the new time limit in App. R. 4(A) as an unconstitutional enlargement of the substantive right of civil appeal? And what of the myriad of other alterations from statutory filing

times which abound in the countless other rules adopted since 1969?

The question presented by this appeal was long and laboriously discussed, and finally settled by this court and its advisors when the Appellate Rules were first drafted and promulgated. The General Assembly reviewed the rules and found no fault with the provision at bar.

We should reverse this cause, thereby giving credence to App. R. 4(B) and the modern philosophy upon which all of the new rules are founded. Otherwise, we risk an inexorable retreat to anachronism.