THE STATE OF OHIO, APPELLANT, *v.* WALLACE, APPELLEE.

(No. 74-653—Decided July 2, 1975.)

*Mr. William J. Brown*, attorney general, and *Mr. Frederic R. Kass*, for appellant.

*Messrs. Drake, Phillips, Goetz, Kuenzli & Clark* and *Mr. William E. Clark*, for appellee.

PAUL W. BROWN, J.  In *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, this court held that App. R. 4(B) did not grant the state an appeal as of right in criminal cases. The holding was grounded upon our conclusion that the state's right of appeal was substantive, could originate only in a legislative grant, and that the grant apparent in R. C. 2945.67 through 2945.70 was dependent upon an application for leave to appeal being allowed by the appellate court.

The failure of the state, in *Hughes* and in the present case, to comport the procedures of the new appellate rules with the requisite statutory language is understandable, for although R. C. 2945.67 through 2945.70 are facially procedural, their enactment constituted a substantive legislative grant giving the state a right of appeal in criminal cases, absent which such right of appeal would not exist. *Hughes, supra*, at 210. Substantively, the right does not now exist except upon the allowance of leave to appeal by the appellate court.

In all other respects, the procedures outlined by R. C. 2945.67 through 2945.70 are superseded by the requirements

of the appellate rules. At the time those rules were promulgated, App. R. 5 (appeals by leave of court in criminal cases) was designed to define the procedures to be followed by a defendant when an appeal as of right under App. R. 4(B) had been lost, and leave of court to appeal became necessary. In light of *Hughes*, we now hold that App. R. 5(A) is applicable to appeals by the state in criminal cases.

As applied to such appeals, App. 5(A) may properly be restated to read:

"[In an appeal by the state in a criminal case] * * * a motion for leave to appeal shall be filed with the Court of Appeals * * * setting forth the errors which the movant claims to have occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by such parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by Rule 3 and file a copy of the notice of appeal in the Court of Appeals. The movant shall also furnish a copy of his motion and a copy of the notice of appeal to the clerk of the Court of Appeals who thereupon shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the * * * [defendant], who may, within thirty days from the filing of the motion, file such affidavits, parts of the record and brief or memoradum of law to refute the claims of the movant."

We also hold that the time within which a motion for leave to appeal must be filed is to be governed by App. R. 4(B). As written, App. R. 4(B) permits the state an appeal as of right in criminal cases. In *Hughes*, as heretofore indicated, that provision was declared invalid.

App. R. 5(A), now applicable to appeals by the state in criminal cases, imposes no limitation as to when leave to appeal may be sought. Fairness demands that a motion by the state for leave to appeal be filed within a reasonable time after the entry of judgment or the order appealed

from. Because the time limits in App. R. 4 (B) meet that objective, we make them applicable to such appeals.

That rule states, in pertinent part:

"In an appeal by the prosecution, the notice of appeal shall be filed in the trial court within thirty days of the date of the entry of the judgment or order appealed from; provided that in appeals under Criminal Rule 12(J) and Juvenile Rule 22(F) the notice of appeal shall be filed with the clerk of the trial court within seven days of the date of the entry of the judgment or order appealed from."

Because App. R. 5(A) requires notice of appeal in the trial court to be filed concurrently with the motion for leave to appeal in the appellate court, it fits snugly into the time requirement of App. R. 4(B).

Finally, the directive of App. R. 10(H) becomes important:

"In all cases where leave to appeal must first be obtained all time limits for the preparation and transmission of the record hereinbefore set forth shall run from the filing of the journal entry of the Court of Appeals granting such leave rather than from the filing of the notice of appeal."

Once leave to appeal has been granted, an appeal by the state in a criminal case shall proceed as would any other appeal.

Because the appellant herein failed to obtain leave to appeal, the judgment of the Courts of Appeals, dismissing the appeal, is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Corrigan, Stern, Celebrezze and W. Brown, JJ., concur.

Herbert, J., concurs in the syllabus, but dissents from the judgment.