THE STATE OF OHIO, APPELLANT, *v.* LEARY ET AL., APPELLEES.

[Cite as State v. Leary (1975), 47 Ohio App. 2d 1.]

(No. 5-75-19—Decided November 12, 1975.)

*Mr. J. Stanley Needles,* for appellant.

*Messrs. O'Brien & Bauer,* for appellees.

COLE, P. J.   This appeal involves the appropriate procedure for a prosecutor's appeal from an order granting a motion to suppress evidence pursuant to the provisions of

the Criminal Rules and the statutory provisions of R. C. 2945.68 et seq.

Criminal Rule 12(J) purported to create for the state an appeal "as of right" in two cases: (a) from the granting of a motion for the return of seized property and (b) from the granting of a motion to suppress evidence. The procedure therein set forth required only the filing of a notice of appeal within seven days after entry of the judgment on the motion and a prosecutor's certificate that the appeal was not taken for purposes of delay and that the granting of the motion, in effect, destroyed any reasonable possibility of effective prosecution.

However, in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, the Supreme Court held as the basis for its decision that the state's right of appeal is a substantive right which could be created only by a legislative grant and not by the adoption of a rule. Therefore, the question as to the existence of a state's right to appeal has to be resolved by looking solely to the statutes.

In R. C. 2945.67 through 2945.70, the legislature has created a right of appeal in the state in certain specific cases including an appeal from a judgment on a motion to suppress evidence (R. C. 2945.70), but it has made that right conditional upon leave being obtained from the appellate court and not absolute. Therefore, to the extent that Criminal Rule 12(J) purports to create an absolute right of appeal, it is an invalid exercise of the rule making power of the courts. However, such a conditional right to appeal does exist by virtue of statutory grant.

As to the procedure for effectually exercising this conditional right, the provisions of R. C. 2945.67 *et seq.* have been superseded by the Appellate Rules and here there is a valid exercise of the rule making power.

In *State* v. *Wallace*, 43 Ohio St. 2d 1 (July 2, 1975), the court states, at page 2:

"* * * Substantially, the right [of appeal] does not now exist except upon the allowance of leave to appeal by the appellate court.

"In all other respects, the procedures outlined by R.

C. 2945.67 through 2945.70 are superseded by the requirements of the appellate rules. * * * In light of *Hughes*, we now hold that App. R. 5(A) is applicable to appeals by the state in criminal cases. * * *

"We also hold that the time within which a motion for leave to appeal must be filed is to be governed by App. R. 4(B)."

In the syllabus this is summarized as follows:

"A motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App. R. 5 and the time requirements of App. R. 4(B)."

Therefore the state's right to appeal from a judgment on a motion to suppress evidence arises not by virtue of Criminal Rule 12(J), but solely by virtue of statute, and is not absolute but conditional upon leave being first allowed by the appellate court. The procedure for effecting the appeal is set forth in App. R. 5(A) which prescribes the procedure for obtaining leave to appeal from the appellate court and full compliance with this procedure is mandatory to effectively obtain that leave to appeal.

As part of this procedure, the state must file in the appellate court a motion for leave to appeal accompanied by certain specified supporting documents and containing certain necessary allegations as to the errors claimed. Concurrently, with the filing of this motion in the appellate court "the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by Rule 3 and file a copy of the notice of appeal in the court of appeals." There are other provisions as to service of copies, etc., which must be observed. The important thing to note here, however, is that there must be a filing of *both* a motion and a notice of appeal. The older statutory procedural requirements have been completely superseded by these new provisions.

The next question arising concerns the appropriate requirements as to the time for filing the motion and the notice of appeal. The Supreme Court held in the *Wallace* case, *supra*, that the time limits of App. R. 4(B) provide a reasonable time schedule and these are therefore made applicable to such appeals.

4

The normal time for filing a notice of appeal is within 30 days of the date of the judgment entry. However, there is a specific exception:

"* * * provided that in appeals under Criminal Rule 12(J) * * * the notice of appeal shall be filed with the clerk of the trial court within seven days of the date of the entry of the judgment or order appealed from." (App. R. 4[B].)

As we have noted, Criminal Rule 12(J) specifically concerns a state's appeal from an adverse judgment on a motion to suppress. It therefore is applicable here and the time for the state to file a motion for leave to appeal in the appellate court and the concurrent notice of appeal in the trial court is within seven days of the date of the judgment.

Moreover, the provisions of Criminal Rule 12(J) as to the prosecutor's certificate in such appeals is a purely procedural requirement and is, therefore, a requirement to be met by the state in addition to the requirements of App. R. 5(A).

To recapitulate, we summarize the requirements for the proper prosecution of an appeal by the state in a criminal case from an order granting a motion to suppress evidence:

1. There must be filed in the court of appeals, within seven days of the order from which the appeal is taken, a motion for leave to appeal conforming in content with the requirements of Appellate Rule 5(A).

a. It must set forth the errors which movant claims to have occurred in the proceedings in the trial court.

b. It shall be accompanied by affidavits or such parts of the record upon which movant relies to show the probability error occurred.

c. It shall be accompanied by a brief or a memorandum of law in support of movant's claims.

2. *Concurrently* there must be filed in the trial court a notice of appeal in the form prescribed by App. R. 3. This shall be accompanied by a certificate by the prosecutor that:

a. The appeal is not taken for purposes of delay and

b. The granting of the motion to suppress has rendered the state's proof with respect to the pending charge

so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. (Crim. R. 12[J].) As to the officer who may sign the certificate, see Crim. R. 12(J), and Crim. R. 2, defining prosecuting attorney.

3. A copy of this notice of appeal and accompanying certificate of the prosecuting attorney shall be filed in the court of appeals with the motion for leave to appeal and accompanying papers.

4. The movant shall also furnish a copy of his motion and of the notice of appeal to the clerk of the court of appeals.

5. The clerk shall then serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant.

6. Within thirty days of the filing of the motion, the attorney for the defendant may file affidavits, parts of the record, and a brief or memorandum of law to refute the claims of the movant.

7. The court will determine the motion without formal hearing or other argument, unless otherwise directed by the court. (App. R. 5[B].)

8. Following the determination, the steps set forth in App. R. 5(C) will be followed. If the motion is sustained, the time for filing the record will be governed by App. R. 10(G) and shall proceed thereafter as any other appeal.

It will be noted that under App. R. 4(B) the time for filing the motion and notice of appeal, when motions not affected by Criminal Rule 12(J) or Juvenile Rule 22(F) are involved, is not seven days but thirty days of the date of the entry of the judgment or order from which the appeal is taken.

We now must analyze the instant case to determine whether or not these requirements were met. The order of the Court of Common Pleas is dated July 16, 1975, and, therefore, the appeal is subsequent to the date of the *Wallace* decision which made the time limits of App. R. 4(B) applicable to prosecution appeals.

On that date, the Court of Common Pleas granted the motion to suppress evidence filed by the defendants. The

state sought to appeal the judgment of the Court of Common Pleas by filing the following documents captioned in *this* court but filed in the trial court:

1. An application to file a bill of exceptions "under the provisions of Ohio Criminal Code, Rule 12J, Ohio Revised Code Sections 2945.68, 2945.69 and 2945.70 and Ohio Rule of Appellate Procedure 4 B." A copy was served on the trial judge and upon counsel for the appellees. This was filed on July 22, 1975.

2. Combined with this document was a notice of appeal.

On July 25, 1975, defendants filed a motion in the Court of Common Pleas to strike the notice of appeal and the application to file a bill of exceptions. An identical motion was filed that day in the Court of Appeals.

Subsequently, on August 13, 1975, the state filed an amended notice of appeal, this time captioned and filed in the Court of Common Pleas. On the same day, it filed an application to file a bill of exceptions in the trial court and an identical document in the Court of Appeals.

Neither the application for leave to file a bill of exceptions nor the motion to strike the earlier application and notice of appeal have been disposed of. We proceed to the motion to strike.

Although several specific grounds are urged in the motion to strike, the ultimate thrust of the motion is that the appeal should be dismissed for failure to properly comply with the requirements for a prosecutor's appeal as hereinbefore set forth.

The motion to strike, treated as a motion to dismiss, is well taken.

1. The proper procedure contemplates and requires the filing of a notice of appeal in the trial court *concurrently* with a motion for leave to appeal in the appellate court. Page 36 of the transcript of the docket and journal entries, however, shows a notice of appeal combined with an application to file a bill of exceptions captioned in the court of appeals but so far as the record shows filed in the trial court.

If the notice of appeal was in the proper court, the

application was not. If the application was in the proper court, the notice of appeal was not. The nature of the proper procedure is such that these documents cannot be combined since they must be filed in different courts.

2. The motion for leave in this court was not in conformity to App. R. 5(A). No claimed errors were set forth, no supporting affidavits or record were filed and no brief showing probability of error was filed.

3. Since the notice of appeal and the motion must be filed concurrently, the later filing of an amended notice of appeal and a subsequent application to file a bill of exceptions was beyond the time limits of App. R. 4, and hence were not timely filed. Both the application for leave and the notice of appeal must be filed in the proper courts within the appropriate time period. Here one or the other was necessarily late.

For these reasons we find the motion to be well taken and this appeal is dismissed at appellant's costs. To the extent prior decisions of this court are inconsistent with the judgment herein rendered they are overruled.

*Appeal dismissed.*

MILLER and GUERNSEY, JJ., concur.