118

THE STATE OF OHIO, APPELLEE, *v.* HATFIELD, APPELLANT.

(No. 76-332—Decided November 24, 1976.)

*Mr. Michael Nolan,* prosecuting attorney, and *Mr. Michael Ward,* for appellee.

*Messrs. Jones & Ball, Mr. Claire M. Ball, Jr.,* and *Mr. Gregory W. Black,* for appellant.

*Per Curiam.* In *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 324 N. E. 2d 731, this court held that App. R. 4(B) is invalid insofar as it "enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70, and abridges the right of appellate courts to exercise their discretion in allowing appeals * * *." In *State* v. *Wallace* (1975), 43 Ohio St. 2d 1, 330 N. E. 2d 697, the court held that "[a] motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App. R. 5 and the time requirements of App. R. 4(B)."

The record in this case discloses that the only procedural steps taken by the prosecution to perfect its appeal were the filing of a notice of appeal and of a certification under Crim. R. 12(J). Under this court's holdings in *Hughes* and *Wallace*, this procedure was insufficient to invoke the jurisdiction of the Court of Appeals, and that court's judgment must accordingly be reversed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CELEBREZZE, JJ., dissent.