The STATE of Ohio, Appellee,

v.

ISREAL, Appellant.

[Cite as *State v. Isreal* (1993), 86 Ohio App.3d 696.]

Court of Appeals of Ohio,
Butler County.

No. CA92–07–124.

Decided March 15, 1993.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Richard A. Hyde,* Assistant Prosecuting Attorney, for appellee.

*Richard L. Hurchanik,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Otis Isreal, appeals from the judgment of the Butler County Common Pleas Court finding him guilty of aggravated trafficking in cocaine within one thousand feet of school premises.

On April 7, 1992, appellant allegedly sold an eighty-four milligram unit dose of crack cocaine, a Schedule II controlled substance, for $20 to Jerry Badgett, an undercover police officer working for the Hamilton Police Department's vice unit. The transaction allegedly occurred within one thousand feet of St. Joseph Elementary School located in Hamilton, Ohio. Appellant was subsequently arrested and the purchased substance was tested and found to be cocaine.

After appellant's arrest, the Hamilton Police Department used a traffic wheel to determine whether the offense was committed within one thousand feet of St. Joseph Elementary School. Detective Michael Lease measured the distance from the location of the drug transaction to the fenced boundary of St. Joseph. Lease determined that the distance was four hundred twenty-four feet. Appellant was subsequently charged with and indicted for aggravated trafficking in cocaine within one thousand feet of school premises in violation of R.C. 2925.-03(A)(1).

The matter was scheduled for trial on July 7, 1992. Appellant's counsel filed a motion for a continuance of the trial date, but it was overruled by the trial court. The action was thus tried on the scheduled date and the jury found appellant guilty as charged. The trial court sentenced appellant to three to fifteen years' imprisonment and fined him $2,500.

On appeal, appellant presents the following three assignments of error:

Assignment of Error No. 1:

"The court erred by shifting the burden of proof to the defendant."

Assignment of Error No. 2:

"The jury's verdict was against the weight of the evidence."

Assignment of Error No. 3:

"The court erred and abused its discretion."

Appellant alleges in his first assignment of error that the trial court erred by shifting the burden of proof from the state to the defendant. Specifically, appellant submits that during closing argument, the state attempted to inform the jury that it was appellant's responsibility to determine whether or not the incident occurred within one thousand feet of St. Joseph Elementary School. We find appellant's argument to be without merit.

■ While, perhaps, the prosecution should not have argued that appellant could have determined for himself whether the drug transaction occurred within one thousand feet of the school, we do not believe that these comments prejudiced appellant. The record before us clearly shows that the trial court, during both its preliminary instructions and in its general charge to the jury, instructed the jury as to the presumption of appellant's innocence and the burden of proof that is placed upon the state of Ohio. Since it must generally be presumed that the jury followed the instructions of the trial judge, we are unable to grant appellant's request for a new trial on the basis of the prosecutor's remarks during closing arguments. *State v. Ferguson* (1984), 5 Ohio St.3d 160, 5 OBR 380, 450 N.E.2d 265. Accordingly, appellant's first assignment of error is overruled.

Appellant alleges in his second assignment of error that his conviction was against the manifest weight of the evidence because the prosecution failed to show that the offense was committed within one thousand feet of St. Joseph Elementary School. Specifically, appellant contends that the prosecution failed (1) to show where the boundary of the school began, and (2) to present credible evidence as to the accuracy of the traffic wheel device. Once again, we are not persuaded by appellant's arguments.

■ The record shows that Detective Michael Lease explained to the court that he used a traffic wheel to measure the distance from the location of the drug transaction to the fenced boundary of St. Joseph Elementary School. He determined that the distance measured four hundred twenty-four feet. The terms "boundary" and "premises" are not defined by R.C. 2925.03. Appellant thus submits that land, *i.e.*, the land surrounding St. Joseph Elementary School, should not be used to determine a school's boundary. Instead, he contends that Detective Lease should have measured from the point of the drug transaction to the school building itself. We disagree.

When words or phrases are not defined by Ohio statutory law, they should "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. In construing the word "premises" in such a manner, we find that it is defined as a "specified piece or tract of land with the structures on it." Webster's Third New International Dictionary (1986) 1789. Moreover, the term "premises" has been defined by R.C. 2911.21(E) to include "any land, building, structure, or place belonging to, controlled by, or in custody of another." Additionally, the term "boundary" is described as "the marking or dividing line between two parcels of land * * *." Ohio Jurisprudence 3d (1991) 171, Words and Phrases. See, also, Webster's, *supra*, at 260. Finally, Ohio courts have held that monuments, stakes, posts, and fences are objects that can be used for guidance when determining boundary lines. 2 Ohio Jurisprudence 3d (1977) 53–54, Adjoining Landowners, Section 42.

Thus, our analysis of the relevant statutes and the words in question clearly shows that the phrase "school premises" includes the border fence around the school. Such a structure is evidence that the land surrounding the school building belongs to or is in custody of the school.

Additionally, Detective Lease testified that he measured a fixed distance with the traffic wheel to determine whether or not it was calibrated correctly. The fixed distance was a floor tile in his office which he believed was one foot by one foot. Lease testified that the tile measured one foot when measuring it with the traffic wheel.

Having reviewed the record, we find that there was substantial credible evidence to support the verdict. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. The evidence clearly shows that a trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Appellant's second assignment of error is therefore overruled.

 Appellant submits in his third and final assignment of error that the trial court abused its discretion with respect to three separate issues. First, appellant argues that the trial court erred by refusing to entertain a purported plea bargain the day before trial. There is nothing in the record, however, to suggest that a plea bargain agreement was reached between appellant and the state. The only evidence before us is that a plea bargain was possible if the state was agreeable. As a result, appellant has failed to affirmatively show error. See *State v. Butler* (1974), 44 Ohio App.2d 177, 73 O.O.2d 196, 337 N.E.2d 633. Moreover, since we must presume the regularity of the proceedings in the trial court, the absence of any reference in the record to such an agreement causes us to conclude that no such agreement existed. *State v. Wright* (Jan. 30, 1984), Butler App. No. CA83–06–063, unreported, 1984 WL 4318.

Next, appellant argues that the trial court abused its discretion in denying his motion for a continuance. Appellant's counsel filed a motion to continue the trial from its scheduled trial date of July 7, 1992, for the stated reason that counsel would be on active duty in the United States Army Reserve from June 21, 1992 to July 5, 1992. Counsel therefore argued that he had only one day to prepare for trial.

In overruling appellant's motion, the trial court noted that his counsel had sufficient time to prepare for trial prior to the time he went on active duty. Appellant was arrested on April 7, 1992. He was therefore available for trial preparation with his attorney from that date until June 21, 1992, the date his attorney went on active duty.

The granting of a continuance is a matter within the sound discretion of the trial court, and will be disturbed on appeal only if there has been an abuse of discretion. *State v. Beuke* (1988), 38 Ohio St.3d 29, 526 N.E.2d 274. In light of the facts and circumstances existing at the time of appellant's request for the continuance, we do not believe that the trial court abused its discretion. The record clearly shows that appellant's counsel was not deprived of an opportunity to prepare for trial, and that the two-week period of active duty in the Army Reserve did not cause appellant's counsel to be unavailable for trial. In fact, the record shows that appellant's counsel was able to perform discovery and interview witnesses prior to the commencement of trial.

In his third and final issue, appellant suggests that the trial court abused its discretion when it imposed the maximum fine upon him even though he is an indigent person.

R.C. 2925.03(H)(4) mandates that if a person is convicted of the offense of aggravated trafficking, the court shall impose a mandatory fine of $2,500. Such a fine was imposed upon appellant by the trial court. The court shall not impose a mandatory fine pursuant to R.C. 2925.03(H) only if the offender alleges in an affidavit filed with the court prior to his sentencing that he is indigent and unable to pay his fine.

In the instant action, nothing in the record indicates that appellant filed an affidavit of indigency prior to his sentencing. Thus, the trial court did not abuse its discretion in imposing a $2,500 fine upon appellant.

Accordingly, appellant's final assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, J., concurs.

JONES, P.J., concurs in judgment only.