**In re REMOVAL OF OSUNA.**

[Cite as *In re Removal of Osuna* (1996), 116 Ohio App.3d 339.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA96–03–037, CA96–03–038, CA96–03–042 and CA96–03–045.

Decided Dec. 16, 1996.

*Joseph P. Ebbing, pro se.*

*Rogers S. Gates,* for appellee and cross-appellant, J. Ralph Osuna.

*Earle Jay Maiman,* for appellee and cross-appellant, Donald Dixon.

---

KERNS, Judge.

This is an appeal of plaintiff-appellant, Joseph P. Ebbing, from a judgment of the Butler County Court of Common Pleas dismissing a complaint brought in a special proceeding under R.C. 3.08 for the removal of a public officer.

With particular reference to such an appeal, R.C. 3.09 provides:

"The decision of the court of common pleas in all cases for the removal of officers may be reviewed on appeal on questions of law by the court of appeals. The transcript of the record and the notice of appeal shall be filed in the court of appeals in not more than thirty days after the decision is rendered and the journal entry made by the court of common pleas. Such notice of appeal may be filed only after leave has been granted by the court of appeals for good cause shown at a hearing of which the attorneys for both the officer and the prosecution have been notified."

■ According to the record, Ebbing did not obtain leave from this court within thirty days to prosecute the present appeal, but appellant contends that this statutory requirement was rescinded by App.R. 3 and 4. Particularly, Ebbing relies upon the case of *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789, where the Supreme Court of Ohio held that rules promulgated pursuant to constitutional authority control over statutes which govern *procedural* matters.

■ Here, however, the statutory requirements for leave to appeal go directly to the right to appeal, and the right to appeal is a substantive right that cannot be abridged, enlarged, or modified by a rule of procedure. Ohio Constitution, Article IV, Section 5(B). See *State v. Hughes* (1975), 41 Ohio St.2d 208, 70 O.O.2d 395, 324 N.E.2d 731. See, also, *State v. Wallace* (1975), 43 Ohio St.2d 1, 72 O.O.2d 1, 330 N.E.2d 697. In other words, the right does not exist except upon the allowance of leave to appeal by the appellate court. See *State v. Leary* (1975), 47 Ohio App.2d 1, 1 O.O.3d 152, 351 N.E.2d 793.

Hence, the statutory requirements of R.C. 3.09 were not completely superseded by the requirements of the Appellate Rules, and since the appellant has failed to obtain the necessary leave to appeal, his present appeal is thereby rendered moot.

■ In these proceedings, defendants, J. Ralph Osuna and Donald Dixon, have also filed a cross-appeal wherein they allege, for their only assignment of error, that the trial court erred to the prejudice of the cross-appellants in denying their motions for attorney fees without a hearing.

In its order denying the motions for attorney fees, the trial court commented as follows:

"The parties are reminded that it was the court itself who initiated the dismissal of this matter and that we did not, as a matter of fact, ever reach any of the motions filed by Dixon in this matter. These motions did not contribute to the dismissal of this matter. Accordingly, we would deny any attorney fees in this matter, for among other reasons, the incurment of fees was not necessary.

"Finally, Dixon states that he is entitled to an evidentiary hearing in this matter and cites R.C. 2323.51(B)(2). This section only provides for an evidentiary hearing in the event that an award 'may be made.' Therefore, in the event that we would award attorney fees without a hearing, Ebbing alone could complain that the procedural requirements of R.C. 2323.51(B)(2) were not followed. See *Wilson v. Lynch* (1994), 99 Ohio App.3d 760, 651 N.E.2d 1328; *Pisani v. Pisani* (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355."

As a general rule in Ohio, attorney fees cannot be taxed as costs of an action absent specific statutory authority. *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214. However, the Supreme Court has recognized a bad faith exception to the rule. *Sorin v. Warrensville Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. The cross-appellants properly observe that attorney fees may be allowed in civil actions based upon frivolous conduct. R.C. 2323.51(A)(2).

In the present case, however, the record supports the finding of the trial court that the incurrence of fees by Dixon and Osuna was unnecessary, and nothing otherwise appears to justify any departure from the general rule applicable in Ohio. Furthermore, the trial court followed the overwhelming weight of authority in Ohio in deciding that a hearing is not always necessary before overruling a motion for attorney fees. See *Pisani v. Pisani* (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355, and the cases cited therein. Accordingly, cross-appellants' assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, J., concurs.

YOUNG, J., concurs in part and dissents in part.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.

WILLIAM W. YOUNG, Judge, concurring in part and dissenting in part.

I believe that the trial court erred in denying appellees' motions for attorney fees without a hearing. Even though it was the trial court itself that initiated the dismissal of the matter, I believe appellees are entitled to present evidence as to the necessity and reasonableness of any expenses incurred in the defense of the action. As to the cross-appeal, I would remand the question of fees for hearing and, thus, I dissent.

I concur with the majority's ruling affirming dismissal of the complaint pursuant to R.C. 3.09.