The STATE of Ohio, Appellant,

v.

WEAVER, Appellee.

[Cite as *State v. Weaver* (1997), 119 Ohio App.3d 494.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 96–CA–04.

Decided May 16, 1997.

*Darrell L. Heckman,* Champaign County Prosecuting Attorney, for appellant.

*Kort Gatterdam,* Assistant State Public Defender, for appellee.

*Per Curiam.*

This matter is presently before the court on the state's appeal from a resentencing order entered upon remand from this court in *State v. Weaver* (Nov.

1, 1993), Champaign App. No. 93 CA 02, unreported, 1993 WL 441799. In that case, Weaver had been found guilty of robbery, felony theft, and forgery. For sentencing purposes, the robbery and felony theft counts were merged, and Weaver was sentenced for robbery. On appeal, we determined that the evidence supporting the "force" element of robbery was insufficient. We vacated the robbery conviction, but kept intact the jury's necessary finding of guilty on the lesser included offense of misdemeanor theft and remanded for resentencing on misdemeanor theft.

After remand, the state moved to reelect between the lesser included misdemeanor theft offense and the felony theft offense that had previously been merged into the robbery offense. Reading our remand as limited to resentencing for misdemeanor theft, the trial court overruled the state's motion to reelect and sentenced Weaver on the lesser included misdemeanor theft offense.

The state sought to appeal the trial court's refusal to permit reelection. Seven days after the journalization of the trial court's resentencing entry, the state filed a motion for leave to appeal and a notice of appeal in the trial court.

A memorandum in support of the motion recited the procedural history of the case, and stated in full as to the merits of the requested appeal:

"The State now wishes to appeal the denial of its claimed right to elect. This is an issue of high importance as the situation of reversal of the greater of two allied offenses of similar import is common."

Attached to the notice of appeal were the resentencing entry and a criminal docket statement identifying the issue as "[r]ight of State to change election of which of two allied offenses defendant will be sentenced under."

Twenty-two days after the state filed its notice of appeal and motion for leave to appeal, we issued a show cause order to the state, ordering it to show cause why the appeal should not be dismissed for failure to comply with App.R. 5. Thereafter, Weaver filed a reply to the state's motion for leave to appeal and the state filed a memorandum in response to our show-cause order. On May 13, 1996, we granted—without explanation—the state's motion for leave to appeal. Weaver was unsuccessful in his effort to obtain Supreme Court review of our order granting leave to appeal.

In his brief on the merits and at oral argument, Weaver continues to assert that the state has failed to invoke our appellate jurisdiction, notwithstanding our order granting it leave to appeal. Upon further consideration of the jurisdictional issue, we conclude that Weaver is correct and, accordingly, dismiss the state's appeal.

App.R. 5(A), the pertinent part of which is now App.R. 5(B) as a result of an amendment effective July 1, 1996, provided as follows:

"When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."

It is clear from an examination of the record that the state's attempted compliance with App.R. 5(A) was deficient in several respects. The most grievous deficiency is that the motion for leave to appeal was filed in the wrong court and has never been filed in the correct court. Furthermore, the motion did not contain the attachments required by the rule, or a memorandum supporting the state's claim of error with legal argument, as also required by the rule. Nor was a copy of the notice of appeal filed with this court.

In *State v. Wallace* (1975), 43 Ohio St.2d 1, 72 O.O.2d 1, 330 N.E.2d 697, the court held that a motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App.R. 5. In *State v. Hatfield* (1976), 48 Ohio St.2d 118, 2 O.O.3d 273, 357 N.E.2d 379, the state attempted to appeal a suppression order by filing only a notice of appeal and a Crim.R. 12(J) certification. Although the court of appeals reversed the trial court, the Supreme Court reversed the court of appeals, holding that "[u]nder this court's holdings in *Hughes* [*State v. Hughes* (1975), 41 Ohio St.2d 208, 70 O.O.2d 395, 324 N.E.2d 731] and *Wallace*, this procedure was insufficient to invoke the jurisdiction of the Court of Appeals." In other words, even though the court of appeals had decided the merits of the appeal, the Supreme Court held that the court of appeals had been without jurisdiction to do so.

*State v. Leary* (1975), 47 Ohio App.2d 1, 1 O.O.3d 152, 351 N.E.2d 793, involves procedural facts very close to ours. In *Leary*, what was, in effect, a motion for leave to appeal was combined with a notice of appeal, and the two were filed in the trial court. The court stated that "[t]he procedure for effecting the [state's] appeal is set forth in App.R. 5 which prescribes the procedure for obtaining leave

to appeal from the appellate court and full compliance with the procedure is mandatory to effectively obtain that leave to appeal." The court of appeals dismissed the appeal, noting particularly the failure of the state to file its motion for leave to appeal in the court of appeals concurrently with its filing of its notice of appeal in the trial court. The court also noted—as here—the lack of attachments to the motion and lack of supporting memorandum of law.

Although we have previously granted leave to appeal, we agree with Weaver's statement at oral argument that we are free to reexamine our jurisdiction. In our judgment, the procedure employed by the state was deficient to the extent of depriving this court of jurisdiction.

Although the court in *State v. Fisher* (1988), 35 Ohio St.3d 22, 517 N.E.2d 911—after noting a failure of compliance with App.R. 5(A)—held that the court of appeals did not abuse its discretion in denying the state leave to appeal, the motion for leave to appeal in that case was filed, albeit not concurrently with the notice of appeal, in the correct court. Here, as previously observed, the motion for leave to appeal was not timely filed, or ever filed, in the correct court.

The appeal is dismissed.

*So ordered.*

WOLFE, FAIN and GRADY, JJ., concur.