OPINION
The State of Ohio appeals a judgment of the County Court of Morrow County, Ohio, which granted defendant Maurice T. Mowery's motion to suppress and motion in limini regarding evidence obtained in a traffic stop which resulted in defendant's arrest for operating a motor vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19. Appellant was also charged with failure to operate his vehicle within marked lanes in violation of R.C.4511.33. App.R. 5 (B) states in pertinent part: When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavit or by the parts of the record upon which the movant relies, to show the probability that the errors did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals.
Before the State may appeal an adverse ruling on a motion to suppress, leave of the appellate court must be obtained according to the procedure contained in App.R. 5 (A), State v. Leary (1975),47 Ohio App.2d 1. Compliance with the rule is mandatory, and failure to comply results in the State's failure to invoke the appellate jurisdiction of the court of appeals, State v. Weaver (1997), 119 Ohio App.3d 494. We have reviewed the record, and we find it contains a bare notice of appeal with a certificate of service on the appellee's attorney, and a notation captioned "certification of appeal" wherein the prosecutor certifies the appeal is not taken for the purpose of delay and that the ruling on the motion has rendered the State's proof with respect to a pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. The motion contains no statement of the trial court's alleged errors, no affidavits, and no parts of the record upon which the State relies. We note in passing the State has also failed to comply with Loc. App.R. 9, which requires the appellant to attach a clear copy of the judgment from which the appeal is taken. We find we do not have jurisdiction over this matter.
Accordingly, the appeal is dismissed.
Edwards, P.J., and Reader V. J., concur.