**[Cite as *Dayton v. Johnson*, 2021-Ohio-3519.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF DAYTON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29057 |
| | : | |
| v. | : | Trial Court Case No. 2020-CRB-3123 |
| | : | |
| JOHN ALBERT TOMLIN JOHNSON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of October, 2021.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, 335 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant

CHRISTIE M. BEBO, Atty. Reg. No. 0087294, Assistant Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Pursuant to R.C. 2945.67(A), the City of Dayton appeals from a determination of the Dayton Municipal Court that tree stumps and tree limbs deposited by the defendant-appellee, John Albert Tomlin Johnson, on property he did not own or have the right to use did not constitute litter as defined in R.C. 3767.32.

## I.    Facts and Procedural History

{¶ 2} In June 2020, Johnson dumped tree trunks on property he did not own.   He admitted the act to law enforcement and, on October 5, 2020, was charged by criminal complaint with one misdemeanor count of littering in violation of R.C. 3767.32(A).

{¶ 3} A hearing was conducted on November 2, 2020 at which time Johnson entered a plea of no contest.   Defense counsel then asked the court to enter a finding of not guilty.   In support, counsel argued that tree branches and tree trunks were not items included in the statutory definition of litter as set forth in R.C. 3767.32(D)(1).   The trial court agreed and subsequently entered a document which appears to state, "Pled no contest.   Found not guilty."   The document does not have a time-stamp nor otherwise demonstrate that it was journalized.

{¶ 4} The City filed a notice of appeal and a motion for leave to appeal.   In February 2021, we dismissed the appeal for lack of a final appealable order.   On March 4, 2021, the municipal court entered a final appealable judgment entry which indicated that Johnson had entered a plea of no contest and had been found not guilty.   The judgment did not set forth findings of fact or conclusions of law regarding the basis for the verdict.

{¶ 5} The City filed a timely notice of appeal concurrently with a motion for leave

to appeal, in accord with App.R. 5. Johnson filed a motion to dismiss the appeal in which he argued that the City had failed to comply with all of the requirements for a discretionary appeal as set forth in App.R. 5(C). We overruled the motion by entry dated May 14, 2021. That decision stated, in relevant part:

Johnson argues that the State's motion does not attach affidavits or parts of the record, and does not contain a brief or memorandum in support. The State's motion for leave here is not lengthy. However, it does adequately set out the claimed error by the trial court and shows the probability that the claimed error occurred. The motion says:

Now comes the Plaintiff-Appellant, City of Dayton, and moves for leave to appeal the Judgment Entry and Final Appealable Order entered on November 2, 2020, by the Dayton Municipal Court finding the Defendant-Appellee not guilty of Restrictions on Depositing Litter, pursuant to R.C. 3767.32(A), and specifically that tree stumps, branches and other yard waste is not "litter".

Attached is a copy of the Trial Court's Judgment Entry and Final Appealable Order in which the Trial Court finds the defendant not guilty.

In the transcript, to be filed later, the court finds that tree stumps, branches and other yard waste is not "litter". The State contends that "litter" includes tree stumps, branches and other yard waste. The State suggests that these items are included in the definition of "litter'" as defined by R.C 3767.32.

Although minimal, we find that the State's argument here satisfies the requirements of App.R. 5(C) under the circumstances of the case. The issue does not appear to be particularly complicated. As this court noted when dismissing the State's previous appeal, the finding concerning litter "is not journalized in any detail in an order of the municipal court." *Johnson* at ¶ 1. The trial court's determination that Johnson is not guilty is journalized in the March 4 Order, which was provided by the State with its concurrently-filed Criminal Docket Statement. Moreover, the State's argument, although minimal, does set out a straightforward argument that the trial court found Johnson not guilty of Restrictions on Depositing Litter because tree stumps, branches, and yard waste are not litter. We conclude that the State's motion, under the circumstances here, invokes our jurisdiction to review the appeal. We observe that these substantive requirements appear to be designed to help a court of appeals decide whether to accept an appeal, and that deficiencies in the substance of the State's argument should undercut the merits of State's motion, rather than this court's jurisdiction, provided that the motion and notice of appeal are properly filed pursuant to rule.

We also note that Johnson has not pointed to any case law where the quality or length of the argument in the motion for leave, or the absence of a transcript in support of it prevents a court of appeals from reviewing an appeal. The omissions in the cases cited by Johnson concern the mechanics of filing the notice of appeal and the motion, which are not

present here.   *See, e.g.*, *State v. Weaver*, 119 Ohio App.3d 494, 496, 695 N.E.2d 821 (2d Dist.1997) (the motion for leave was filed in the wrong court and didn't contain attachments, and the required copy of the notice of appeal was never filed in the court of appeals); *State v. Leary*, 47 Ohio App.2d 1, 6-7, 351 N.E.2d 793 (3rd Dist.1975) (request for leave was made in the notice of appeal, which was not filed in the court of appeals, and no claimed errors were described, or affidavits/record or brief attached).   This case is distinguishable.

{¶ 6} Based upon the above-stated reasoning, we overruled the motion to dismiss.

{¶ 7} We now consider the City's argument on appeal.

## II.   Analysis

{¶ 8} The City raises the following assignment of error:

THE TRIAL COURT ERRORED [SIC] WHEN IT FOUND THAT THE DEFINITION OF "LITTER" DOES NOT INCLUDE TREE STUMPS, BRANCHES AND YARD WASTE

{¶ 9} In its sole assignment of error, the City asserts that the trial court erred in its determination that tree stumps and tree branches do not constitute litter as contemplated by the definition of litter set forth in R.C. 3767.32(D)(1).

{¶ 10} At the outset, we note that in his brief on the merits, Johnson continues to assert that the State has failed to invoke our appellate jurisdiction, despite our order granting leave to appeal.   Thus, before addressing the City's argument, we turn to Johnson's renewed claim that we should have dismissed the City's appeal due to its

failure to comply with the requirements of App.R. 5(C).

{¶ 11} Section 3 of Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the Court of Appeals within the district * * *."  Because this clause confers jurisdiction upon appellate courts only "as may be provided by law," this provision has been interpreted to mean that the State has no right of appeal in a criminal matter unless specifically granted such right by statute.  *State v. Hughes,* 41 Ohio St.2d 208, 210, 324 N.E.2d 731 (1975).  "This created a serious disparity between the rights of the accused, and the right of the accuser, and tipped the scales of justice too far in favor of the criminal defendant.  In order to offset this imbalance, Ohio adopted R.C. 2945.67 * * *."  *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985).   This statute provides, in pertinent part:

A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

R.C. 2945.67(A).

{¶ 12} The statute provides the State with an appeal as of right under four specific circumstances. The "any other decision" portion of R.C. 2945.67(A) provides a court of appeals with jurisdiction, and the discretion, to grant the State leave to appeal from a decision of the trial court on evidentiary issues or "substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus; *State v. Arnett*, 22 Ohio St.3d 186, 188, 489 N.E.2d 284 (1986). In other words, we may not reverse the verdict, but we may review issues which involve an "underlying legal question [which] is capable of repetition yet evading review." *See State v. Hatfield*, 8th Dist. Cuyahoga No. 95647, 2011-Ohio-6620, ¶ 13.

{¶ 13} In this case, it is not disputed that the City could not appeal as of right. Instead, under the facts of this case, the City was required to seek leave of court to file its appeal.

{¶ 14} As it pertains to discretionary appeals by the State, "a prosecuting attorney must satisfy the procedural requirements" set forth in App.R. 5(C). *State v. Gillispie*, 2d Dist. Montgomery No. 28766, 2020-Ohio-7032, ¶ 4, citing *State v. Jones*, 2017-Ohio-5758, 94 N.E.3d 971, ¶ 5 (2d Dist.). App.R. 5(C) states, in pertinent part, as follows:

> When leave is sought by the prosecution from the court of appeals to appeal an order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the order sought to be appealed (or, if that order is not a final order, within thirty days of the final order into which it merges) and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be

accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.

R.C. 2945.67(A).

{¶ 15} As stated above, the City timely, and concurrently, filed its notice of appeal and motion for leave to appeal. However, as Johnson correctly asserts, the City did not comply with the requirements of App.R. 5(C) because it failed to file an affidavit or portion of the record showing "the probability that the errors claimed did in fact occur." The City also failed to provide a legal memorandum or brief. Johnson argues that strict compliance is a necessary prerequisite to the exercise of discretionary jurisdiction and that the City's failure to strictly comply with the provisions of App.R. 5(C) precludes an exercise of our jurisdiction.

{¶ 16} A review of the case law on the issue of strict compliance reveals that this court and others have referred to the failure to strictly comply with App.R. 5(C) as

jurisdictional. *See, e.g.*, *In re G.W.*, 2020-Ohio-300, 151 N.E.3d 1043 (2d Dist.); *State v. Weaver*, 119 Ohio App.3d 494, 695 N.E.2d 821 (2d Dist.1997); *State ex rel. T.L.M. v. First District Court of Appeals*, 147 Ohio St.3d 25, 2016-Ohio-1601, 59 N.E.3d 1260; *State v. Sanders*, 2d Dist. Miami No. 94-CA-48, 1994 WL 698480 (Nov. 25, 1994). However, those cases involved the failure of the State to invoke our jurisdiction by properly filing a notice of appeal and a motion for leave to appeal.

{¶ 17} Here, the City properly invoked our jurisdiction by the timely and concurrent filing of both the notice of appeal and the motion for leave, but it otherwise failed to strictly comply with the requirements of App.R. 5(C). Thus, the issue is whether this failure required a dismissal of the appeal.

{¶ 18} As noted above, R.C. 2945.67(A) creates an exception to the general rule against the state's taking an appeal in a criminal case. *See Sanders* at *1 ("Neither the state nor any of its political subdivisions originally had the right to appeal decisions in criminal cases."); *State v. Simmons*, 49 Ohio St. 305, 307, 31 N.E. 34 (1892) ("Unless permitted by statute, the weight of authority in this country is against the right of the government to bring error in a criminal case."). Thus, the provisions of that statute and the accompanying appellate rule should be strictly construed. Our language in *In re G.W.* supports this conclusion:

> We also decline to adopt a "sufficient compliance" standard for App.R. 5(C). As noted above, "[t]he state is <u>strictly</u> held to the requirements of App.R. 5 when appealing by leave of court." (Emphasis added.) *T.L.M.* at ¶ 12. Strict compliance is required because of the nature of appeals by the State. The Supreme Court of Ohio "has long observed that '[u]nless permitted by

statute, the weight of authority in this country is against the right of the government to bring error in a criminal case.' " *State v. Arnett*, 22 Ohio St.3d 186, 188, 489 N.E.2d 284 (1986) (Celebrezze, C.J., dissenting), quoting *State v. Simmons*, 49 Ohio St. 305, 307, 31 N.E. 34 (1892). R.C. 2945.67, enacted to permit such appeals under certain circumstances, is an exception to that rule. *Id.* Such exceptions must be strictly construed. *State v. Powers*, 10th Dist. Franklin No. 15AP-422, 2015-Ohio-5124, ¶ 9, citing *State v. Bassham*, 94 Ohio St.3d 269, 271, 762 N.E.2d 963 (2002) and *State v. Caltrider*, 43 Ohio St.2d 157, 331 N.E.2d 710 (1975), paragraph one of the syllabus.

We therefore strictly construe the requirements of App.R. 5(C) and will require the State to satisfy each requirement when seeking leave to appeal.

*Id.* at ¶ 8-9.

{¶ 19} We note that on the date we granted leave to appeal, there was nothing in the record before us to indicate the trial court had committed error other than the short statement in the City's motion for leave to appeal. Indeed, it is questionable whether the City's minimal statement of claimed error was sufficient to demonstrate "the probability that the errors claimed did in fact occur." Specifically, the City merely indicated the municipal court concluded the tree limbs discarded by Johnson were not litter and that the City "suggest[ed] that these items are included in" the statutory definition of litter. However, the City's statement did not make clear whether the trial court's decision was based upon an erroneous statutory interpretation, a finding of fact, or both. Thus, there

was no true basis for a determination of whether the issue the City sought to appeal constituted reviewable error under R.C. 2945.67.

{¶ 20} Arguably, we improvidently exercised our discretion by granting the City leave to appeal in this case. However, because we do have jurisdiction and we did exercise our discretion, we will proceed to determine the merits of the City's argument.[1] This ruling is limited to this case and will not be extended to future cases in which the State or one of its subdivisions fails to strictly comply with App.R. 5(C) in its entirety.

{¶ 21} The City asserts that the trial court erroneously determined that tree branches and stumps do not fall within the statutory definition of litter.[2]

{¶ 22} R.C. 3767.32(A) states that, with certain exceptions not applicable here, "[n]o person, regardless of intent, shall deposit litter or cause litter to be deposited on any public property, on private property not owned by the person, or in or on waters of the state." As defined by the statute, " '[l]itter' means garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, auxiliary containers, or anything else of an unsightly or unsanitary nature." R.C. 3767.32(D)(1).

{¶ 23} During the plea hearing, defense counsel argued that the statutory definition involves items of a "man-made quality." Tr. p. 6. Thus, counsel asserted the nature of the tree limbs and trunks, which she referred to as "yard waste," precluded a finding that it constituted litter. Tr. p. 9. The City prosecutor argued that, even if the limbs and

---

[1] We note this will have no effect upon the judgment of acquittal entered by the trial court as jeopardy has attached, thus preventing any further action against Johnson in this case. *See State v. Hatfield*, 8th Dist. Cuyahoga No. 95647, 2011-Ohio-6620, ¶ 13.

[2] The City has attached numerous documents to its appellate brief which are not part of the record before us. Thus, we decline to review the documents and admonish the City to comply with the Appellate Rules regarding the content of an appellate brief.

stumps did not fall under the specific items listed in the definition, they did fall within the catchall phrase "anything else of an unsightly or unsanitary nature."

{¶ 24} In reaching its decision to enter a finding of not guilty, the trial court noted that there were photographs of Johnson's truck and the tree limbs and trunks that were on the ground. The court then stated:

> And, there are about five of [the photographs] that have his – a truck. And, there are about three pictures that show the uh, tree, tree trunks um, that are on the ground. And one of the photographs shows the trunks. They were in a um, trailer that was being drawn by the truck. But the court um, also takes note that in the back of the truck, it appears there is trash. And *that* trash is not on this lawn. That is the littering and the debris, between um, the litter, as defined by the code versus tree limbs and trunk. And there is a statute that could have been sighted [sic] under with that, those, the um, the tree limbs.
>
> * * *
>
> I mean, I don't see anything in this particular statute that refers to tree branches or yard waste.
>
> * * *
>
> But, the court, I still believe, this defendant, with the trash that's in the bed of the trunk! He didn't, he didn't put that, any of that in that alleyway. He only thing [sic] he put in there were the tree trunks. That's the only thing that I see that he put in – and those definitions don't, don't meet "tree trunk."

Tr. p. 7-10.

{¶ 25} The interpretation of a statute is a question of law, which we review de novo. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 6. When interpreting a statute, the primary concern "is to ascertain and give effect to the intention of the General Assembly." *Id.* at ¶ 7. Legislative intent is largely determined "from the plain language of a statute." *Id.* " 'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.' An unambiguous statute must be applied by giving effect to all of its language, without adding or deleting any words chosen by the General Assembly." (Citation omitted.) *Id.*, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

{¶ 26} The statute defines litter with words such as "trash," "waste," "rubbish," "garbage" and "refuse." However, none of those words are defined within the statute. When words are not statutorily defined, we look to their common definition or usage. *State v. Isreal*, 86 Ohio App.3d 696, 699, 621 N.E.2d 793 (12th Dist.1993); R.C. 1.42.

{¶ 27} "Trash" is defined, in part, as "debris from pruning or processing plant material." *Webster's Ninth New Collegiate Dictionary*, 1256 (1988). "Rubbish" is defined as both "trash" and "useless waste or rejected matter." *Id.* at 1028. "Garbage" includes "food waste, refuse, unwanted or useless material." *Id.* at 505. "Waste" is defined as including items discarded as worthless or of no use. *Id.* at 1331. Finally, "refuse" is defined as trash, garbage, or a worthless or useless part of something. *Id.* at 991.

{¶ 28} In our view, the tree limbs and stumps discarded by Johnson on property he did not own or have a right to use fell under the ordinary definitions of trash, rubbish,

garbage, waste and refuse, all of which are included in the statutory definition of litter. Rather than following the rules of statutory construction, the trial court utilized its own understanding of litter in reaching its decision.   This was error.

{¶ 29} Accordingly, the City's sole assignment of error is sustained.

### III.    Conclusion

{¶ 30} The trial court erred as a matter of law in its conclusion that the items discarded by Johnson did not constitute litter as defined by R.C. 3767.32. We note, however, that this conclusion has no effect on Johnson's acquittal in this case.

. . . . . . . . . . . .

HALL, J., concurs.

EPLEY, J., concurs in judgment only.

Copies sent to:

Amy B. Musto
Christie M. Bebo
Hon. Mia Wortham Spells