OPINION
Plaintiff-appellant the State of Ohio appeals the May 23, 2001 Judgment Entry of Ashland County Court of Common Pleas which granted defendant-appellee Robert Daugherty's motion for treatment in lieu of conviction pursuant to R.C. 2951.041, and appellee's motion to amend count II of the indictment.
 STATEMENT OF THE CASE AND FACTS
On August 23, 2000, the Ashland County Grand Jury indicted appellee with two counts of illegal processing of drug documents, in violation of R.C. 2925.23(B)(1), and one count of possession of criminal tools, in violation of R.C. 2923.24(A). In a September 5, 2000 Judgment Entry, the trial court ordered appellee to undergo a drug evaluation to determine eligibility for treatment in lieu of conviction.
The trial court conducted an hearing on the matter on May 7, 2001. After hearing evidence, the trial court granted appellee's motion to amend count II of the indictment, changing the alleged activity date forming the basis of the indictment. The trial court further "held in abeyance" counts I and III of the indictment. In the same May 23, 2001 Judgment Entry, the trial court granted appellee's motion for treatment in lieu of conviction. Accordingly, the trial court placed appellee on community control for a period of two years, and ordered appellee to pay a fine and perform community service.
It is from this judgment entry appellant prosecutes its appeal, assigning the following error:
 THE AMENDMENT OF COUNT II OF THE INDICTMENT FOR THE SOLE PURPOSE OF AVOIDING THE MORE RESTRICTIVE PROVISIONS OF O.R.C. 2951.041 AS ENACTED BY 1999 S 107 IMPERMISSIBLY CHANGED THE IDENTITY OF THE OFFENSE.
We do not reach the merits of appellant's assignment of error.
Appeals by the prosecution in a criminal case are limited by R.C. 2945.67
and App. R. 4 and 5.
R.C. 2945.67 provides when a prosecutor may appeal, and states, in relevant part:
 (A) A prosecuting attorney,* * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, * * *and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. * * *
Because appellant herein does not appeal a judgment entry granting a motion to dismiss all or any part of the indictment, or any of the other specific exceptions set forth in R.C. 2945.67, appellant was permitted an appeal only by leave of this Court. Motions for leave to appeal are governed by App. R. 5, which states, in relevant part:
(B) Motion by prosecution for leave to appeal
 When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.
R.C. 2945.67 as interpreted by the courts, provides the court of appeals with jurisdiction to hear appeals taken by the state.[1] Thus, in order for this court to have jurisdiction, there must have been full compliance with the mandatory provisions of the statute.[2] Absent full compliance the appeal must be dismissed.[3]
We further note, even had appellant filed a motion for leave to appeal and this Court granted same, this Court would still lack jurisdiction to hear this appeal because counts I and III of the indictment are still pending.
We dismiss appellant's appeal for lack of jurisdiction.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs assessed to appellant.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] State v. Hughes (1975), 41 Ohio St.2d 208.
[2] State v. Padavick (Nov. 1, 1985), Cuyahoga App. No. 49585, unreported.
[3] State v. Leary (1975), 47 Ohio App.2d 1.