[Cite as *State v. Hamad*, 2019-Ohio-924.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| | : | **CASE NO. 2017-T-0108** |
| - vs - | : | |
| NASSER Y. HAMAD, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |
| | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2017 CR 00133.

Judgment: Cross-appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor; *Christopher Becker*, *Michael A. Burnett*, and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee/Cross-Appellant).

*Samuel H. Shamansky*, *Donald L. Regensburger*, *Colin Peters*, and *Sarah A. Hill*, Samuel H. Shamansky Co., LPA, 523 South Third Street, Columbus, OH 43215 (For Defendant-Appellant/Cross-Appellee).

TIMOTHY P. CANNON, J.

{¶1} This matter is before us on a notice of appeal and a notice of cross-appeal from the judgment of conviction entered by the Trumbull County Court of Common Pleas against Nasser Y. Hamad. Hamad was sentenced to the Lorain Correctional Institution on November 20, 2017, and filed his notice of appeal on November 22, 2017. The state of Ohio, by and through the prosecuting attorney, filed its notice of cross-appeal on November 29, 2017.

{¶2} Prior to the enactment of R.C. 2945.67, the state did not have the right to appeal decisions in criminal cases. The statute "was enacted to balance the disparity between a defendant's right to appeal and the absence of any such right possessed by the State." *State v. Kole*, 11th Dist. Ashtabula No. 99-A-0015, 2000 WL 1460031, *2 (Sept. 29, 2000); *see also State v. DeJesus*, 11th Dist. Ashtabula No. 99-A-0063, 2000 WL 1733562, *1 (Nov. 17, 2000). R.C. 2945.67 now grants the state of Ohio a substantive right to appeal decisions in criminal cases, which is limited to certain instances where an appeal is either permitted as a matter of right or may be permitted by leave of the appellate court.

{¶3} The state may appeal, as a "matter of right," any decision in a criminal case that (1) grants a motion to dismiss all or part of an indictment, information or complaint; (2) grants a motion to suppress evidence; (3) grants a motion for the return of seized property; or (4) grants postconviction relief. R.C. 2945.67(A). The state has not appealed any such decision in the case sub judice.

{¶4} The state may also appeal, as a matter of right, a sentence imposed upon a defendant who is convicted of a felony. *Id.*, citing R.C. 2953.08. The state's right to appeal a felony sentence is limited, however, to the grounds enumerated in R.C. 2953.08(B)(1)-(3). The state's right to appeal also does not extend to the circumstances listed in R.C. 2953.08(D)(1)-(3). Relevant here, R.C. 2953.08(D)(3) provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." Hamad was sentenced on two counts of aggravated murder and three counts of attempted aggravated murder. Accordingly, the state is precluded by R.C. 2953.08(D)(3) from appealing, as a

2

matter of right, the trial court's imposition of sentence for aggravated murder. *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶17.

{¶5} Finally, the state may also appeal "any other decision, except the final verdict" in a criminal case, but *only* "by leave of the court to which the appeal is taken." R.C. 2945.67(A). The prosecuting attorney must seek leave from the appellate court according to the procedure outlined in App.R. 5(C).

{¶6} "'A motion for leave to appeal is a necessary prerequisite under R.C. 2945.67(A) for the state's right of appeal to attach. Any failure to follow this directive deprives the appellate court of jurisdiction and requires that such appeal be dismissed.'" *Kole*, *supra*, at *3, quoting *State v. Metz*, 4th Dist. Washington No. 93CA18, 1995 WL 695078, *5 (Nov. 20, 1995), citing *generally State v. Wallace*, 43 Ohio St.2d 1 (1975).

{¶7} In its cross-appeal, the state challenges the trial court's jury instruction on self-defense and the trial court's merger of certain counts of attempted aggravated murder for sentencing purposes. However, the prosecuting attorney did not seek leave from this court to appeal those decisions. "Further, it is irrelevant that the State raises its argument in a cross appeal rather than in an appeal *per se*." *Id*. at *4; *see also State v. Williams*, 1st Dist. Hamilton Nos. C-060631 & C-060668, 2007-Ohio-5577, ¶53-55.

{¶8} The state's failure to seek leave to cross-appeal is fatal, as it has not properly invoked this court's jurisdiction. *Id*. Accordingly, the cross-appeal must be dismissed. *Id*.; *see also DeJesus*, *supra*, at *2.

{¶9} The state of Ohio's cross-appeal is hereby dismissed for lack of jurisdiction.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

3